## Case No. 6,551.

### HOBBS v. MAGRUDER.

[4 Cranch, C. C. 429.] [1]

Circuit Court, District of Columbia. March Term, 1834.

#### SLAVERY—PETITION FOR FREEDOM.

The sale, in the District of Columbia, of a Maryland slave brought here by her owner, does not give the slave a title to freedom under the Maryland statute of 1817, c. 112, which prohibits the sale to a non-resident of the state, of any slave having a contingent right to freedom.

[This was a petition for freedom by Rebecca Hobbs, a negress, against Thomas Magruder and Washington Robey.]

W. L. Brent, for petitioner.
Messrs. Swann and C. Cox, for respondents.

CRANCH, Chief Judge (THRUSTON, Circuit Judge, absent). The facts of this case appear to be as follows: Margaret Stockett, being the owner of the petitioner as a slave for life, by her will made the following bequest to her daughter Eliza Ann Stockett: "After all my just debts are paid I give and bequeathe to my daughter Eliza Ann, all my property, both real and personal; and in case the said Eliza Ann should die without having an heir lawfully begotten of her body, it is then my wish and will that my negroes are to be free, and all the residue of the property to go to my nephew, George Henry McGill, to him and his heirs forever." Eliza Ann intermarried with Thomas Jones, a resident of the District of Columbia, and came to reside in this district with her husband, who brought the petitioner here and sold her to the defendant, Magruder; the said Eliza Ann, at the time of the sale, having had no issue of her body; but having since the sale, had issue of her body lawfully begotten, and now living. The petitioner claims freedom under the act of Maryland of 1817, c. 212. The first section of the act provides that no person shall knowingly sell or dispose of, to a non-resident of the state, any servant or slave who may be entitled to freedom upon any contingency, nor for a longer term than he is bound to serve, under the pain of penitentiary punishment, upon conviction on indictment in the county where the seller resides. The second section punishes the non-resident purchaser of such a servant or slave. The third section provides that no sale of such a servant or slave shall be valid unless in writing under the hands and seals of the seller and purchaser, &c.; and if the sale should be made without a compliance with the prescribed forms, the slave shall be free, unless the court or jury should be of opinion, that no fraud was intended by the omission of any one of the requisites. The sale was made in the District of Columbia, without a compliance with the requisites of the law of Maryland. Without deciding whether the

petitioner had or had not a contingent right to freedom at the time of the sale, the court is of opinion that as the act of Maryland is of no force in this district, the sale here cannot be considered such a violation of the law of Maryland, as can give the petitioner a right to freedom.