## COLCORD v. WALL.

### February 13, 1841.

*Petition for removal of a cause to the Circuit Court of the United States.*

In an action in a state court brought by the endorsee or assignee of a promissory note against the maker, who petitions for a removal to the Circuit Court of the United States under the 12th section of the act of Congress of 1789, the endorsee or assignee being a citizen of Pennsylvania, and the maker a citizen of New Jersey, unless it appear that the payee and endorser is also a citizen of Pennsylvania, the prayer for the removal will not be granted.

THIS was an action brought by *capias ad respondendum* to December term, 1840, No. 35, in which Enoch L. Colcord was the plaintiff, and G. D. Wall was the defendant. Nov. 7, 1840,

[Colcord v. Wall.]

the plaintiff filed a copy of the note on which suit was brought, as follows, viz.:

" $1050

" Washington, January 1, 1840.

" Four months after date I promise to pay to Gamaliel Gay or order one thousand and fifty dollars, without defalcation, for value received.

(Signed) GARRET D. WALL." ·

December 7, 1840, the defendant presented his petition under the 12th section of the act of Congress of 1789, praying for a removal of the cause to the Circuit Court of the United States, and offered the usual bond.

The facts appear in the opinion of the court.

*J. M. Read*, for the petitioner.
*H. M'Ilvaine*, contra.

The counsel cited 9 *Wheat.* 537; 4 *Cranch* 46; 4 *Dall.* 8; 3 *Johns.* 145; 3 *Dall.* 382; 2 *Cranch* 126; 6 *Wheat.* 146; 2 *Tr. & Haly* 532.

The opinion of the court was delivered by

STROUD, J.—It appears by the petition of the defendant, that the cause of action is a promissory note, of which he was the maker, and a certain *Gamaliel Gay* the payee. The plaintiff, therefore, if entitled to sue in his own name, as he has done, must be an endorsee, claiming through the endorsement of Gay. The petition avers that the plaintiff is a citizen of the State of Pennsylvania, and that the defendant is a citizen of the State of New Jersey. It makes no mention of the citizenship, or otherwise, of Gay. Now, the 11th section of the act of Congress of 1789, while it gives jurisdiction to the Circuit Court of the United States, where " an alien is a party, or the suit is between a citizen of the state where the suit is brought and the citizen of another state," contains the express limitation, " but no circuit court shall have cognisance of any suit to recover the contents of *a promissory note* or other chose in action, in favour *of an assignee*, unless a suit might have been prosecuted in such court to recover the said contents, if no assignment had been made, except in case of foreign bills of

[Colcord v. Wall.]

exchange." (1 *Story's Laws U. S.* 57, 58.) In Turner et al. administrators *v.* Bank of North America, 4 *Dall.* 8, the action was brought by the president and directors of the bank, describing themselves *as citizens of Pennsylvania*, against Turner et al., described as citizens of North Carolina, upon a promissory note, made by the defendant's intestate, payable *to Biddle & Co.*, and which, by assignment, became the property of the bank. The citizenship of Biddle & Co. was *not* stated in the declaration. The plaintiffs obtained a verdict, and judgment was entered thereon in the Circuit Court, and upon this judgment a writ of error was sued out to the Supreme Court, and the only error assigned was the omission to state the citizenship of the payees. The judgment was reversed. C. J. Ellsworth, in giving the opinion of the court, after stating that the Circuit Court was a court of *limited* jurisdiction, added, " The fair presumption is, (not as with regard to a court of *general* jurisdiction, that a cause is within its jurisdiction unless the contrary appears, but rather) that a cause is *without* its jurisdiction till *the contrary appears.* This renders it necessary, inasmuch as the proceedings of no court can be deemed valid further than its jurisdiction appears or can be presumed, to set forth upon the record of the Circuit Court, the facts or circumstances, which give jurisdiction either expressly or in such manner as to render them certain by legal intendment. Among those circumstances, it is necessary, where the defendant appears to be a citizen of one state, to show that the plaintiff is a citizen of some other state or an alien; or, if (as in the present case) the suit be upon a promissory note, by an assignee, to show that the original promissee is so: for, by a special provision of the statute, it is his description, as well as that of the assignee, which effectuates jurisdiction." This decision was followed by Montalet *v.* Murray, 4 *Cranch* 46, which was upon promissory notes, the plaintiff being an endorsee, and describing himself as *a citizen of New York*, and the defendant, as an alien, *a citizen of the French Republic.* The *declaration* was silent as to the residence or citizenship of the payee, and this was the ground upon which the writ of error was brought. This objection was met in the *first* place, by a reference to the *plea*, in which it was stated that the *payee* was an *alien and subject of France.* But the court decided that the courts of the United States had no jurisdiction of cases *between aliens.* The

39*

[Colcord v. Wall.]

defendant's counsel " then suggested that perhaps it did not sufficiently appear upon the record that the original parties to the notes were aliens, but *Marshall*, C. J. said, that if it did *not* appear *upon the record* that the character of the original parties would support the jurisdiction, that objection was equally fatal, under the uniform decisions of the court." It is plain, therefore, that if the plaintiff had instituted in the *Circuit* Court an action against the defendant on this promissory note, and in his declaration had made every averment contained in the petition before us, the cause would have been dismissed for want of jurisdiction.

The petitioner's counsel contends, however, that although an averment of a proper citizenship, or alienage of the payee would be required in the pleadings, had the action been commenced in the Circuit Court, yet to entitle the defendant to remove the cause, it is necessary merely that it should be shown by the petition that the plaintiff is a citizen of the state in which the suit is brought, and the defendant a citizen of another state, and that the matter in dispute exceeds five hundred dollars in value. This pretension rests upon the following language of the 12th section of the act of Congress of 1789 : " If a suit be commenced in any state court against an alien, or by a citizen of the state in which the suit is brought against a citizen of another state, &c. and the defendant shall at the time of entering his appearance in such state court, file a petition for the removal of the cause, &c. and offer good and sufficient surety, &c., it shall then be the duty of the state court to accept the surety, and proceed no further in the cause." Without doubt the defendant's petition has brought his case within the letter of *this part* of the section, but the section continues, in regard to the cause when removed, " the cause shall there (in the Circuit Court), proceed *in the same manner as if it had been brought there by original process.*" Now it has been seen that " if it had been brought in the Circuit Court by original process," that court would not have entertained jurisdiction of it unless the record showed that *Gay*, the payee, was a citizen of Pennsylvania. And it is said by *C. J. Marshall*, that where a cause has been improperly removed to the Circuit Court from a *state court, i. e.* where the Circuit Court had no jurisdiction, the duty of the Circuit Court would be to *remand* the cause to the state court, and that on the same objection, the *Supreme Court* would be bound to pursue that course. Pollard *v.* Dwight, 4

[Colcord v. Wall.]

*Cranch* 429. The removal of this cause, then, would, unless the Circuit Court could take cognizance of it originally, be worse than nugatory, as it would induce delay and subject the parties to expense. The petition ought, therefore, to state every circumstance requisite to bring the cause within the jurisdiction of the Circuit Court; it should state, of consequence, that *Gay* was a citizen of Pennsylvania as well as the plaintiff. This objection was pointed out to the defendant very soon after he had filed his petition, but he has made no application to amend. The prayer for removal must therefore be denied.

Decree accordingly.[a]

NOTE. Subsequently, the defendant applied by petition to the Circuit Court of the United States for the eastern district of Pennsylvania to have the cause removed. That court ordered the removal, but the plaintiff having applied to be heard, the matter was argued by the counsel of the parties, and the Circuit Court finally remanded the cause back to this court, their opinion on the question of jurisdiction being to the same effect as expressed in the foregoing opinion.

[*Notes of cases inserted out of their order in point of date.*]

[a] *Vide* Kirkpatrick *v.* Hopkins, *ante*, 277.