## ANDERSON a. MANUFACTURERS' BANK.

*Supreme Court, First District ; General Term, May,* 1862.

REMOVAL OF CAUSE INTO U. S. CIRCUIT COURT.

An action to recover damages, for failing properly to present and protest a promissory note, is an action brought to recover on a chose in action, within the meaning of the Act of Congress of September 24, 1789,—which provides for the removal of causes from the State to the Federal courts, except where the action is to recover the contents of any promissory note or other chose in action.

Where the right of the defendant to remove a case into the U. S. Circuit Court is extremely doubtful, the State court should not exercise its power of removal.

Thus, where the action was by an assignee of the cause of action, suing in his own name, as required by the practice in the State court, and the assignor, whose name must, if the cause were transferred to the United States court, be substituted as plaintiff, was a citizen of the same State as the defendant ;—*Held*, that the motion to remove should be denied.

Appeal from an order denying defendant's motion to remove the cause into the U. S. Circuit Court.

This action was brought by John S. Anderson against the Manufacturers' Bank, to recover $633.33 damages, for not properly presenting and protesting a promissory note. The plaintiff was a citizen of New York ; the defendants were a corporation created by and doing business in Connecticut. The claim was assigned to the plaintiff by Isaiah M. Colburn. The defendants entered their appearance in this court, and, at the same time, filed a petition for the removal of the cause into the Circuit Court of the United States for the Southern District of New York, and offered a bond, with sureties, duly executed and approved, for entering in the Circuit Court, and copies of the process against them, and for their appearance, &c. ; and thereupon, an order was made requiring plaintiff to show cause why

the cause should not be removed. At the hearing of the motion, the plaintiff showed by affidavit that Colburn, who assigned the claim in suit to plaintiff, was a resident in and citizen of Connecticut. An order was made by Mr. Justice Barnard, denying the motion, with ten dollars costs, from which defendants appealed.

*Alfred Roe*, for the appellant.—I. The defendants were entitled to the order for which they asked. (1 *U. S. Stat. at Large*, 79, § 12; Gordon *a.* Longest, 16 *Pet.*, 97; Kanouse *a.* Martin, 15 *How.*, 198; Green *a.* Custard, 23 *Id.*, 484.) Defendant is a citizen and resident of Connecticut, within the meaning and intent of the act. (Louisville, &c., R. R. Co. *a.* Letson, 2 *How.*, 497; Covington Drawbridge Co. *a.* Shepherd, 20 *Id.*, 227.)

II. The fact that Colburn, who assigned the claim in suit to the plaintiff, is also a citizen and resident of the State of Connecticut, does not sustain the objection to the motion. 1. The provisions of that section do not include or apply to this action. (Bean *a.* Smith, 2 *Mason C. C.*, 252.) 2. Section 12 of the act of Congress gives to defendants the absolute right to remove the action, and section 11 is not applicable to, and cannot control the case. (Green *a.* Custard, 23 *How.*, 484.) 3. The objection of want of jurisdiction in the U. S. Circuit Court can be taken only by special plea; and the defendants would not be permitted so to plead, after having voluntarily removed the action into that court. (Bailey *a.* Dozier, 6 *How.*, 23; Evans *a.* McGie, 11 *Pet.*, 80.) 4. But whatever may be the consequences of removing the cause, the defendants are entitled to the order, by the express provisions of section 12.

III. The alleged cause of action arose in Connecticut, between citizens and residents of that State, and the controversy should properly be there determined. The plaintiff may fairly be presumed to have taken the assignment for the purpose of bringing action in New York, and is not entitled to any special favor to enable him to maintain the action.

*Anthony R. Dyett*, for the respondent.—I. The act of Congress does not apply to this case, because by the same statute, the plaintiff's assignor being a citizen of Connecticut, the United

States court would have no jurisdiction of this action if re-moved, the plaintiff being an assignee of a chose in action, upon which the assignor could not maintain the suit. (*Dunlop's Dig.*, 45.) The case of Greene *a.* Custard, has no application. 1. The original suit when removed, was one in which the U. S. court in its then shape, had jurisdiction. 2. No objection was taken to its removal at the time of removal. 3. The plaintiff amended his pleading after the removal, by showing a cause of action within the proviso of the 11th section. 4. The court really decided that an amendment of the pleadings could not be made so as to oust the court of jurisdiction, after it had ac-quired it. 5. It was not a case like this, a case in which it ap-peared on the face of the declaration, that the plaintiff could not sue in his own name at all under any circumstances, in the United States Circuit Court.

II. The Circuit Court of the United States would have no ju-risdiction of the action as it stands, because that court will not, in actions at law, recognize assignees of choses in action, or entertain suits in their names. (Suydam *a.* Ewing, 2 *Blatch-ford U. S.*, 359.) The case of Bean *a.* Smith (2 *Mason C. C.*, 252) does not decide that this action is not brought by an as-signee of a chose in action.

III. The defendant is a corporation, an artificial person, and is not a citizen of the State of Connecticut; and the United States court would not have jurisdiction of the action if re-moved for that cause. (*The Dred Scott Case.*)

IV. The point that the defendant could not plead to the ju-risdiction after removing the cause is not well taken. Bailey *a.* Dozier (6 *How.*, 23) and Evans *a.* McGie (11 *Pet.*, 80), neither decide the point to establish which they are cited. 1. Both came up on the record by writ of error, and the court held, that, on the record, a plea in abatement to the jurisdiction was waived by a plea in bar. 2. In both cases the court held, that in the particular case the court had jurisdiction. 3. In neither case did the court hold, that defendant must plead in abatement to take advantage of jurisdiction of the action. We say, when this case is removed, if the removal be a right,—and it certainly is, if the case be one for removal—it is equally the defendant's right to plead either in abatement or bar.

V. The 11th and 12th sections of the act in question must be

construed reasonably, and so as to harmonize. The fair construction of section 12 is, that where an action is commenced in a State court which might have been commenced in the United States court by section 11, the defendant might demand its removal.

By THE COURT.*—INGRAHAM, P. J.—This action, if brought between the original parties, would not have been between citizens of different States, and could not have been removed into the United States court. Under the laws of this State, the assignee of a claim must sue in his own name in the courts of this State.

If such an action was removed into the United States courts the plaintiff could not maintain the action there, and it would be a good defence to the action that it was so brought.

Any change of parties, then, by allowing the name of the original party in interest to be substituted, would deprive that court of jurisdiction, because the action then would be between citizens of the same State.

The cause of action here, we think, comes within the proviso (*Act of* 1789, § 11 ; 1 *Stat. at L.*, 78), being to recover a chose in action. The words are, "nor shall any district or circuit court have cognizance of any suit to recover the contents of any promissory note or other chose in action, in favor of an assignee," unless suit might have been prosecuted in such court if no assignment had been made.

The whole statute is to be construed together so far as it relates to this subject; and when the effect of the removal would be to deprive the plaintiff of any right to maintain the action in the courts of the United States, the statute should not be so construed as to direct the removal, if it will admit of any other interpretation. At any rate, where the right of the defendant to remove the case is so doubtful as it is in the present case, the State court should not exercise the power.

We think the order appealed from should be affirmed.

Order affirmed.

---

* Present, INGRAHAM, P. J., ROSEKRANS and LEONARD, JJ.