## SUPREME COURT.

### JOHN B. AYRES agt. THE WESTERN RAILROAD COMPANY.

1. An action brought by an assignee of a claim for damage for the breach of a contract of a common carrier to carry goods is an action by an assignee of a promissory note or chose in action, within the meaning of the judiciary act, and cannot be removed into the circuit court of the United States.
2. Where a defendant has been served with process in a state court, and, before filing his bond and petition for the removal of the cause, his attorney obtains an *ex parte* order extending the time to answer, although such extension is obtained for the purpose of making the application of removal, and the attorney serves the order upon plaintiff's attorney, indorsing it with his name as "Defendant's Attorney:" *Held*, that the defendant had submitted to the jurisdiction of the state court, and had lost the right to remove the cause, although his appearance was subsequently entered within the required time in the state court, and the bond and petition there filed for removal. (BARNARD, C. J., *dissenting*.)

*New York General Term, November*, 1866.

*Before* BARNARD, P. J., CLERKE *and* INGRAHAM, *Justices*.

THE plaintiff, a citizen of New York, brought an action as the assignee of a certain claim of the Southworth Manufacturing Company, a Massachusetts corporation, against the defendant, a corporation incorporated in Massachusetts, but who were the lessees and who operated a railroad from East Albany to the state line, for the loss of certain goods by fire, in defendant's hands as a common carrier.

The complaint set out the non-performance of the contract to carry, the loss of the goods, and that the goods and the claim for damages had been assigned to the plaintiff.

The summons and complaint were served on the 5th of June, 1866, upon the defendant's attorney, who obtained an *ex parte* order on the 25th of June, for time to answer, in order that he might apply to remove the cause into the cir-

cuit court of the United States, and served a copy of the order, indorsing it " please to take notice," &c., &c., and signed it with his name as defendant's attorney.

The defendant's formal appearance was entered in the supreme court, as under the old practice, and the petition and bond filed on the 5th of July.

At the special term Mr. Justice BARNARD ordered the cause to be removed to the circuit court of the United States, and from this order the plaintiff appealed.

BLISS & CADWALADER, *for appellant.*
JOHN H. REYNOLDS, *for respondent.*

*By the court,* INGRAHAM, J. The defendants are incorporated under the laws of Massachusetts. The plaintiff is a citizen of New York, and sues as assignee of a company incorporated under a law of Massachusetts. The defendant moved for an order to remove the cause into the United States court. The motion was granted, and the plaintiff appealed.

It is clear that between the original parties, as both were corporations created by laws of Massachusetts, this action could not have been removed. But inasmuch as the plaintiff, who is assignee of the claim, is a citizen of New York, the case is within the statute, unless the United States court is prevented from taking cognizance of the action, under the seventeenth section of the United States statute, which says : The court shall not have cognizance of any suit to recover the contents of a promissory note or other chose in action, in favor of an assignee, unless a suit might have been prosecuted if no assignment had been made.

The question then arises, is this action brought to recover upon a chose in action ?

A chose in action, or a thing in action, is a term used in contradistinction to a chose or thing in possession, and is applicable to cases where the title to money or property is in one person and the possession is in another, which by contract he is bound to deliver to the owner.

In *Campbell* agt. *Perkins* (8 *N. Y. R.* *p.* 430), it was held that a claim against common carriers, although in form for a wrong, was founded on contract. It was founded on an agreement, and is technically a claim. If so, then the claim is a chose in action transferred to the assignee, and bringing the case within the exception of the statute.

It is similar in its nature to that of *Anderson* agt. *The Manufacturer's Bank* (14 *Abb. R.* 436). That action was against the defendant for not protesting a note. The ground was negligence. So here the action is for not delivering goods according to agreement.

I think there is good grounds for holding also, that the defendant, by obtaining time to answer by an order from the court, and serving that with a notice signed by an attorney, as attorney for the defendant, has done what is equivalent, to an appearance. It was doing an act within the progress of the cause, and submitting to the jurisdiction of the state court, and was equivalent to an appearance (*Cooley* agt. *Lawrence*, 5 *Duer*, 610).

The order should be reversed.

CLERKE, J., concurring.

BARNARD, J., dissenting.

Order appealed from reversed.

BARNARD, J., *dissenting*. In order to bring this case within the principle of the case of *Anderson* agt. *Manufacturer's Bank* (14 *Abb.* 436), it must be determined that this action is brought to recover the contents of a promissory note or other chose in action, and if this is its character, it was conceded on the argument that the defendant was not entitled to remove the cause for trial into the federal court.

The action is brought against the defendant as a common carrier, for damages on account of the non-delivery of goods delivered to it by the Southworth Manufacturing Company, at Springfield, in Massachusetts, for transportation to a western state.

It is alleged in the complaint, that the defendant has wholly failed and refused to transport or deliver the goods, on account of which the Southworth Manufacturing Com-

pany sustained the damages claimed, and that the said Southworth Manufacturing Company has duly sold, assigned and transferred to the plaintiff, all its interest in said goods, wares and merchandize, and its claim, demand and cause of action against the defendants.

It is thus obvious that the plaintiff is the vendee of the goods to be transported, or the claim to damages, after the defendant had violated its agreement to transport them, and had lost them, or converted them to its own use. This brings the case clearly within that of *Deshler* agt. *Dodge* (16 *How. U. S. R.* 622). In that case, the suit was brought by the plaintiff, a citizen of New York, against the defendant, a citizen of Ohio, in replevin, for a quantity of bank bills, issued by banks in Ohio, and the plaintiff's title was derived by assignment from the Ohio banks. It was entirely clear that the assignors (the Ohio banks) could not have maintained any action against the defendant for the recovery of the bills, for the reason that both the banks and the defendant were citizens of the same state, and the case was, therefore, in this aspect, precisely like the present, and the only question to be determined was, whether it came within the provisions of the act of congress forbidding jurisdiction to the federal courts, in suits by an assignee to recover the contents of a promissory note or other chose in action.

It was held by the supreme court of the United States, that the circuit court had jurisdiction of the action. Mr. Justice NELSON delivering the opinion of the court says (16 *How.* 631) : " We are of opinion that this clause of the statute has no application to the case of a suit by the assignee of a chose in action to recover possession of the thing in specie, or damages for its wrongful capture or detention, and that it applies only to cases in which the suit is brought to recover the contents, or to enforce the contract contained in the instrument assigned. In the case of a tortious taking, or wrongful *detention* of a chose in action, against the right or title of the assignee, the injury is one to the right of property in the thing, and it is, therefore, unimportant as it

respects the derivation of the title ; it is sufficient if it belongs to the party bringing the suit at the time of the injury.

" The distinction as it respects the application of the 11th section of the judiciary act to a suit concerning a chose in action is this : Where the suit is brought to enforce the contract. The assignee is disabled, unless it might have been brought in the court if no assignment had been made ; but if brought for a tortious taking or wrongful detention of the chattel, then the remedy accrues to the person who has the right of property or of possession at the time, the same as in a case of a like wrong in respect to any other sort of personal chattel."

It is difficult to see why this decision is not decisive of the present appeal; for it is entirely clear that this is an action to recover damages for the detention or non-delivery of personal property, and not for the recovery of the contents of a chose in action, within the meaning of the act of congress.

The plaintiff is not the assignee of the original contract for the transportation of the goods, but the assignee of the goods themselves, and of the cause of action arising from their conversion by the defendant, or the refusal to deliver them on demand.

It is thus obvious that the plaintiff acquired no right by assignment until after the original contract had been broken, and the right thus acquired was to the goods *in specie*, or to damages for their unlawful detention. Such an action, according to the decision of the supreme court of the United States, is not an action to recover the contents of a chose in action, and is not within the exception named by the act of congress.

It may also be observed that actions against a common carrier for the loss of goods, although sometimes said to be of an amphibious character, still belong to the class of actions *ex delicto*, and hence cannot be regarded as for the recovery of the contents of a chose in action, except upon the assumption that every right to recover damages is in one sense a chose in action. It is very obvious that it was not intended to forbid jurisdiction to the federal courts in all

Ayres agt. The Western Railroad Company.

cases of actions prosecuted by an assignee, for if such was the intention it would have been so declared. The true construction was given to the statute by Mr. Justice NELSON, in the opinion before referred to, and by that we must be guided.

It is also urged, that because this action is prosecuted by an assignee, the circuit court of the United States has no jurisdiction. This assumes that no action by an assignee can be maintained in the federal courts, and the assumption is entirely unfounded. As before shown, an action to recover damages for the capture and detention of property, is not for the recovery of the contents of a chose in action, and not within the exception of the act of congress; and if not, there is no objection to the jurisdiction. The jurisdiction is forbidden only in specified cases, and it is enough to say that it is not one of them.

It is also said, that if the right of removal is *doubtful*, the order should not be granted, and a suggestion of this kind was made in the case of *Anderson* agt. *Manufacturer's Bank* (14 *Abb.* 436). If this case is not within the exception in the act of congress, there is no doubt of the right of removal. It is for the court to determine whether the defendant brings the case within the law entitling it to have the action removed, and if this appears, the question is free from doubt. If on the contrary the case is not one entitled to be transferred to the federal courts, it is equally clear that the order should be refused. It is for the court to say which of these alternatives is presented, and when a conclusion is reached all doubt is removed, and the duty is plain.

If upon the papers presented, the defendant is by law entitled to have the cause removed, the state court has all jurisdiction, and all further proceedings in it are *coram non judice* and void, and the judgment pronounced will be reversed (*Gardner* agt. *Langest*, 16 *Peters'* 97). And if the case is improperly removed, the circuit court will remand it to the state court; and if in such case the circuit court should improperly entertain jurisdiction, the supreme court will correct the error (*Pollard* agt. *Dwight*, 4 *Cranch*, 429).

It is thus perceived that if this court should improperly transfer a cause, its judgment in favor of the plaintiff will be ineffectual, and if it should improperly send a case for trial to the circuit court of the United States, that court will correct the error, and remand the case to us.

It is thus apparent that in no event can the right of either party be ultimately lost, and this disposes of the objection made by the plaintiff's counsel on the argument, that if this cause should be improperly removed, the right of the plaintiff might be lost by the running of the statute of limitations; for if the circuit court shall refuse to entertain jurisdiction of this case, if transferred, it will be remanded, and no new action in this court need be commenced.

The objection that the petition for the removal was brought too late, is not tenable.

The summons and complaint were served on the 5th of June, 1866, and the time to answer would expire on the 25th. On that day an affidavit showing the intention of the defendant to apply for a removal of the cause to the federal court; a chambers' order was obtained from a justice of this court extending the time to answer twenty days, which was duly served.

This was not entering an appearance in the action; it was only a proceeding to prevent the entry of judgment, to enable the defendant to comply with the act of congress, and apply for a transfer of the cause. On the 5th day of July, the appearance of the defendant was entered by a special order, and on that day the petition and bond was filed. This must be regarded as sufficient, for otherwise, under our practice, a defendant entitled to have his cause tried in the federal court, would wholly lose the benefit of the provisions of the act of congress, if for any reason he was unable to file his petition within twenty days after he was served with a complaint.

It would be strange if an extension of the time to answer, for the very purpose of enabling a defendant to apply for a removal of the cause, should be regarded as such a submission to the jurisdiction of the state court as will deprive him

of the benefit secured by the act of congress. It must be observed also, that our practice has radically changed since the act of congress was passed, and it is not now entirely clear, what under the present system is the " entering of an appearance in a state court." It certainly is not done by obtaining an order extending the time to answer, and perhaps there is no other way of complying with the provisions of the statute than was done in this case. At all events, we regard it as sufficient.

The defendant is a corporation created by the laws of the state of Massachusetts, and is, therefore, a *citizen* of that state. This now is too well settled to be longer questioned, and it is not questioned in this case.

It is said, however, that because the defendant is the lessee of, and operated a railroad organized under the law of this state, that it does not come within the act of congress.

The right of removal depends upon the *citizenship* of the parties, and not upon the extent of the business they transact in this state, and it is not perceived how it can be said that a citizen of Massachusetts, doing business of any kind within this state, has waived his right to remove a cause to the federal court. Any such construction would nullify the act of congress.

It is quite true that it has been decided at a special term (24 *How. Pr. R.* 517), that a foreign insurance company doing business in this state, and having appointed an agent under a special statute, upon whom process might be served, lost the right to remove a cause to the courts of the United States. It is unnecessary to, say whether this case was rightly decided or not, and there may be grave doubts as to its correctness. Yet the case is wholly unlike this, for here the defendant has waived nothing, if coming into this state by its agents, and doing business, is not to be deemed a waiver of the right secured by the act of congress; and clearly this is not so.

The order appealed from should be affirmed, with ten dollars costs.