Robinson, J.
The only ground on which this application by one of several defendants could be sustained (O’Neil, only, being a non-resident, and the sum in controversy exceeding five hundred dollars in value), would be that alleged in the petition : that the suit is one in which there can be a final determination of the controversy, so far as it concerns him, without the presence of the other defendant, Fitzgibbons.
If such an allegation were to be accepted as final and conclusive on this court, without regard to its own records, he would be entitled to his motion.
But I do not understand any such effect ought to be given to the act of Congress of July 27, 1868, § 1 (14 U. S. Stat. at L., 306), as to allow the defendant to elude the jurisdiction' of the State court by misstating the character of the action, or the grounds on which the order of removal is asked.
On reference to the complaint the action is man *65 ifestly one in equity for an accounting in respect to the copartnership affairs of the firm of “Levy & Fitzgibbons,” composed of plaintiff and. defendant, Fitzgibbons, and the defendant O’Neil is made a party against whom only incidental relief is sought on account of an alleged conspiracy with Fitzgibbons, in acquiring the use of copartnership assets consisting of a. license under a patent, and gains resulting from such use by defendants jointly.
No determination of the controversy can' be made without the presence of Fitzgibbons as the principal party. Nor as against O’Neil without consideration of the. claims of the plaintiff as against Fitzgibbons.
The right of removal attempted to be conferred by the acts of Congress, must exist in the actual existence of the facts upon which it is predicated (Redmond v. Russell, 12 Johns., 153; Anderson v. Manuf. Bk., 14 Abb. Pr., 436). And the State court cannot be ousted, of the jurisdiction it has already acquired, upon a false assertion made in the petition for removal in respect to them.
The matter averred in this petition as to the character of the case and of the separate determination that might be made in respect to the petitioner, is rather one of law than of fact, and being unwarranted by the record, the application cannot but be held as an unjustifiable attempt to evade the appropriate jurisdiction which the court has already acquired.
The motion must be denied, with ten dollars costs.