Douglas agt. Haberstro.

## [s]SUPREME COURT.

ALICE DOUGLAS agt. JOSEPH L. HABERSTRO, as sheriff of the county of Erie.

*Appearance — what is sufficient — Effect of signing "atty. for deft." — Practice — Code of Civil Procedure, sections 421, 422.*

The act of an attorney in subscribing himself as attorney for defendant to notice of motion, while probably sufficient to constitute an appearance for the purpose of waiving mere irregularities, is insufficient to entitle the attorney to notice of other and entirely different proceedings in the action.

To require the service of notice of such proceedings, where no demurrer or answer has been served, a formal notice of appearance has been rendered necessary by the provisions of the Code of Civil Procedure, sections 421, 422.

*Erie Special Term, November,* 1879.

MOTION to set aside judgment for irregularity, on the ground that defendant had no notice of the application therefor.

*John Campbell Hubbell,* plaintiff's attorney, opposed.

*Adelbert Moot,* of counsel for defendant, in favor of.

DANIELS, *J.* — The act of subscribing himself as attorney for the defendant, to the notice of motion, served for the exoneration of the sheriff, from liability as bail, was probably

Douglas agt. Haberstro.

sufficient to constitute an appearance, for the purpose of waiv-
ing mere irregularities (*Baxter* agt. *Arnold*, 9 *How.*, 445;
*Kelsey* agt. *Davis*, 15 *id.*, 92; *Ayers* agt. *Western Ins. Co.*,
48 *Barb.*, 132). But while it may very well have been
attended with that result, it was still insufficient to entitle the
attorney to notice of other and entirely different proceedings
in the action. To require the service of notice of such pro-
ceedings, when no demurrer or answer has been served, a
formal notice of appearance has been rendered necessary by
the provisions of the Code of Civil Procedure (*id.*, *secs.* 421,
422), and it is quite evident from the affidavits produced on
this motion, that no such notice was served on the plaintiff's
attorney at any time. The consequence of that omission is,
that the application for judgment, the reference ordered and
executed under it, and the judgment afterwards entered upon
the report of a referee, were irregular. But, as the defend-
ant swears to merits and excuses his default, he should be let
in to defend. The judgment, order and report, must, for
that reason alone, be set aside, and the defendant allowed to
answer within ten days, on payment of ten dollars costs of
opposing the motion, and the expenses attending the proceed-
ings set aside.

NOTE. — Under the old supreme court rules, which are abrogated by
section 421, Code of Civil Procedure, signing "*atty. for deft.*," was an
appearance entitling to notice. The new Code has changed the practice.
[ED.