The order discharging the prisoner must be reversed, and the prisoner remanded.

LEARNED, P. J., and OSBORN, J., concur.

## N. Y. SUPERIOR COURT.

RICHARD COUCH agt. JOHN MULHANE.

*Appearance — Necessity of formal notice of — Practice — Code of Civil Procedure, sections 421, 422.*

Under the practice, as it stood before the Code of Civil Procedure, a notice of motion signed by an attorney was a general appearance in the action and when an attorney had appeared in an action no change of attorneys could be made without an order.

But, under sections 421 and 422 of the Code of Civil Procedure. Until an attorney serves a formal notice of appearance or a pleading, he has no general standing in the cause, either to bind or protect his client; and an attorney for plaintiff who has received motion papers from an attorney for defendant, or has given time to an attorney for defendant to answer, can proceed in all other respects as if defendant had not appeared.

*Special Term, March,* 1882.

ARNOUX, J. — This is a notice of motion for judgment. The action, brought to recover $5,000 damages for slander, was commenced by service of a summons and complaint on the defendant on the 5th of January, 1882. On the twenty-sixth of January an affidavit and order to show cause why the

default should not be opened was served on plaintiff's attorney, in which motion papers Bernard F. McCahill appeared as attorney. Thereupon plaintiff's attorney extended the time to answer. Before the expiration of that time an answer was mailed to plaintiff's attorney, subscribed by George W. Zeuer, as defendant's attorney, which was forthwith returned because it was not subscribed by the attorney for the party. No order for substitution of attorneys was ever made.

Under the practice, as it stood before the Code of Civil Procedure, the plaintiff's proceeding was regular. A notice of motion signed by an attorney was a general appearance in the action (*Ayres* agt. *Western R. R. Co.*, 48 *Barb.*, 132; *McKluster* agt. *Van Zandt*, 1 *Wend.*, 13). And when an attorney had appeared in an action no change of attorneys could be made without an order (*Robinson* agt. *McClellan*, 1 *How.*, 90; *Supervisors* agt. *Broadhead*, 44 *How.*, 411; *Krekeler* agt. *Thaule*, 49 *How.*, 138).

But the practice in this respect has been radically changed by sections 421 and 422 of the present Code. Until an attorney serves a formal notice of appearance or a pleading he has no general standing in the cause either to bind or protect his client; and an attorney for plaintiff who has received motion papers from an attorney for defendant, or has given time to an attorney for defendant to answer, can proceed in all other respects as if defendant had not appeared. Under this provision of the Code it behooves all attorneys who are generally retained in an action for the defendant to enter a formal notice of appearance in the action, to be in a position to properly guard the rights of their clients; and as this provision cuts both ways, it is equally incumbent upon the attorneys for plaintiffs either to obtain a general appearance from an attorney who professes to represent the defendant or else to treat him as a special attorney until he has served such notice of appearance or pleading (*Douglas* agt. *Haberstro*, 58 *How. Pr.*, 276).

The motion for judgment must be denied.