## SPRINGFIELD METALLIC CASKET CO. v. WIELAR et al.

(City Court of New York, General Term. March 6, 1899.)

1. SPECIAL APPEARANCE—WHAT CONSTITUTES.
    Where defendant has not appeared generally, and the record is silent as to how he appeared on a special motion, plaintiff must treat him as having appeared specially.

2. SAME—IRREGULARITIES—WAIVER.
    Irregularities in an appearance on a motion are waived by proceeding to a hearing without objection.

3. REPLEVIN—AFFIDAVIT—DESCRIPTION OF PROPERTY.
    Under Code Civ. Proc. § 1695, requiring an affidavit in replevin to particularly describe the chattel to be replevied, an affidavit to replevy caskets, describing them as "1 6–0 octagon, 2 6–0 elliptic, 1 6–3 elliptic, zinc plated, and 1 5–9 elliptic, zinc plated, solid copper lining, full glass," is insufficient.

Appeal from special term.

Replevin by the Springfield Metallic Casket Company against Joseph Wielar, impleaded with another. From an order vacating the writ, and from an order refusing to vacate and annul the order vacating such writ, plaintiff appeals. Affirmed.

Argued before FITZSIMONS, C. J., and CONLAN and SCHUCHMAN, JJ.

Bennet & Silverman, for appellant.
Abram I. Elkus, for respondent Wielar.

SCHUCHMAN, J.   On December 1, 1898, a replevin writ was issued herein, and, together with the affidavit and undertaking on which it was issued, was served on the defendant Joseph Wielar.   The chattels requested to be replevied were described in the requisition as follows:   "1 6–0 octagon, solid copper lining, full glass; 2 6–0 elliptic, solid copper lining, full glass; 1 6–3 elliptic, zinc plated, full glass; 1 5–9 elliptic, zinc plated, solid copper lining, full glass," etc.   No summons was served on defendant Wielar, and he did not interpose an appearance in the action until December 8th.   On December 3d defendant Wielar obtained an order to show cause, based on his affidavit annexed thereto, and on the papers served on him as aforesaid, and on which the replevin writ was issued, returnable on December 5th, why an order should not be made vacating, setting aside, declaring null and void, and canceling the writ of replevin issued herein, and the requisition thereon indorsed, on the ground that the chattels sought to be replevied therein are insufficiently described, and not in compliance with the requirements of the Code.   On December 5th, when the said motion came on for argument, Mr. Silverman, one of the plaintiff's attorneys, appeared in opposition to the said motion, and applied for an adjournment of one day, in order to present affidavits.   Counsel for the motion thereupon offered to have it heard upon the original papers upon which the writ issued, solely, which offer was accepted by plaintiff's attorney, whereupon the argument was proceeded with, and related to the sufficiency of the original affidavit and requisition merely.   The appellant now raises the point that the defendant Wielar had no standing in court at the time said motion was made by him, for the reason that he had not appeared either generally, as required by section 421 of the Code, or specially.   Douglas v. Haberstro, 58 How. Prac. 276.   This is untenable.   A general appearance of a defendant is a waiver of any irregularity in the affidavit on which the requisition is founded.   Hyde v. Patterson, 1 Abb. Prac. 248.   If a party does not want to waive an irregularity by a general appearance, he must appear specially. Reed v. Chilson, 142 N. Y. 155, 36 N. E. 884.   The record does not explicitly show how the defendant appeared on the motion; but, not having appeared generally, plaintiff must treat him as having appeared specially.   Couch v. Mulhane, 63 How. Prac. 79.   Neither the order appealed from, nor the record on which it is based, shows that the appellant, on the argument of the motion, raised the question of defendant's appearance in either capacity, and by failing to do so he waived any irregularity in the appearance.   The affidavit of the defendant Wielar on which the order to show cause of December 3d was obtained sets forth the reasons why an order to show cause and an extension of time to rebond the chattels is applied for, but nothing is contained therein which adds to or detracts from the affidavit upon which the replevin writ is issued, nor from the description of the chattels therein mentioned.   It merely states that under the replevin writ property was taken from him, consisting of 32 caskets.   We think the affidavit upon which the requisition of replevin was issued was clearly defective in not particularly describing the chattels to be replevied.   Code, § 1695; Schwietering v. Rothschild, 26 App. Div.

614, 50 N. Y. Supp. 206; Devoe v. Selig, 25 Misc. Rep. 411, 54 N. Y. Supp. 941..

Order appealed from is affirmed, with costs.

The appeal from the other order, made herein at special term on December 14, 1898, denying the motion made by plaintiff to vacate and daclare null and void the said order of December 8th, involves the same questions considered on the appeal from the latter order.

Order of December 14th, appealed from, is affirmed, with costs.

All concur.