### ROGERS *vs.* MOULTHROP.

After a cause tried in a *justice's court* has been submitted to the jury, and they have retired to consider of their verdict, it is not *irregular* in the justice, at the request of the jury, to give them further instructions upon the law of the case, if the *parties* are, or have an opportunity of being, present.

ERROR from the Jefferson common pleas. Moulthrop sued Rogers in a justice's court, and the issue joined between them was tried by a jury. After the proofs was closed, a constable was sworn to take charge of the jury, who were left in the office of the justice to deliberate upon their verdict. After remaining together some time, they requested the justice to come to the office and give them some instructions upon the law of the case. The counsel for the defendant was present when the message was delivered, and was requested by the justice to go with him to the jury, which he refused to do, and said that he would not consent that any one should go into the office. The counsel for the plaintiff went with the justice into the office, when the jury told the justice that they wanted some information as to the law of warranty. Whereupon the justice read to them the law on the subject as contained in *Cowen's Treatise*, and left the treatise with them. Subsequently the jury found a verdict for the plaintiff, on which the justice rendered judgment. Which judgment was affirmed by the *Jefferson* common pleas on *certiorari*. The defendant below sued out a writ of error.

*D. N. Burnham*, for plaintiff in error.

*T. C. Chittenden*, for defendant in error.

*By the Court*, SUTHERLAND, J. What the point of law was which the jury wished information upon, or what instructions were given them by means of the reference to the treatise of Mr. Cowen, does not appear. We are to presume, the contrary not appearing, that they were not misdirected. The

case then stands precisely as though the jury had come into court and asked for further instructions, and the justice had sent for the parties and their counsel, for the purpose of being present and hearing the additional charge which he was about to deliver, and one of the parties had refused to come into court, and the justice proceeded without him. There was no irregularity in the proceeding, or abuse of discretion on the part of the justice. In courts of record this is a very common proceeding; and where, as in this case, the parties were or had an opportunity of being present, and of hearing what passed between the justice and the jury, I see no objection to it in a justice's court. In *Taylor* v. *Betsford*, 13 *Johns. R.* 487, the justice went into the jury room and deliberated with them privately and apart from the parties, and without their consent. It did not appear that they had been requested or would have been permitted to accompany him. This was held irregular. So also in *Benson & Ferguson* v. *Clark*, 1 *Cowen*, 288, the justice went into the room with the jury, without the consent of the parties; they were not requested to be present. The court say the justice had no right to have any intercourse with the jury without the consent of the parties. This must mean private intercourse in the absence of the parties; not that intercourse which takes place publicly, where the jury come into court and request additional instructions upon a point of law. Those cases are clearly distinguishable from this, as is also the case of *Bunn* v. *Croul*, 10 *Johns. R.* 230.

Judgment affirmed.