NEW-YORK,
May, 1838.

Watson
v.
Davis.

## WATSON *vs.* DAVIS.

It is the duty of a justice to render judgment and enter the same in his docket within four days after the cause is submitted to him for final decision. A judgment rendered after the four days, is erroneous, and will be reversed.

ERROR from the Chemung common pleas. Davis sued Watson before a justice, and after issue joined, the parties proceeded to trial. The defendant produced his books as evidence on the trial. The justice in his return states, that " the testimony here closed and the cause was submitted to me. I took four days to make my decision, and during the four days Watson took his books of account from my office, promising to return them within the time stated above. And I further certify that late on the fourth day I went into my office to enter the said judgment, but the books of account were not returned, and in consequence of Mr. Watson's absence, (who was at the time attending the funeral of his father-in-law,) could not obtain the above evidence so as to arrive at the balance in dollars and cents; but publicly declared the principle upon° which I made up judgment, and as soon after as I could obtain said evidence, made the entry in my docket, which was before entered as far as could be until the necessary evidence was obtained." Judgment was entered for the plaintiff for $11,79 besides costs. Watson brought a *certiorari* to the common pleas, where the judgment was *affirmed;* and he now brings error.

*J. Dunn,* for plaintiff in error.

*T. North,* for defendant in error.

*By the Court,* BRONSON, J. It was the duty of the justice, to render judgment and enter the same in his docket, *within four days* after the cause was submitted to him for final decision. 2 R. S. 247, § 124. How much time elapsed after the trial before the judgment was rendered does not appear. It is however admitted by the counsel, and appa-

NEW-YORK,
May, 1838.

Watson
v.
Davis.

rent from the return, that the judgment was neither entered, nor was the amount of it settled in the mind of the justice, until *after the four days had elapsed.* The action was, I think, discontinued, and the power of the justice at an end. Courts of special and limited jurisdiction must pursue their authority strictly, or their acts will be either erroneous or void. It is upon this principle that it has been so often held, that an irregular or unauthorized adjournment, or the neglect of the justice to open his court at the proper time, will amount to a discontinuance of the action. These rules are too well settled to require any reference to cases.

The justice does not impute any intentional wrong to the defendant in not returning his account books within the four days. But if he had, I do not see how that could alter the case. If the defendant intended to act improperly, it was a wrong which the justice could not redress by rendering judgment after his jurisdiction over the parties was at an end.

A statute, in relation to the time within which an act is to be done by a public officer, is sometimes considered as merely *directory;* and the thing may be done at another day. But these are cases where the public is concerned, and where there is nothing in the nature of the power to be exercised by the officer, or in the manner of giving it, which justifies the inference that time was mentioned in the statute as a limitation. *Rex* v. *Loxdale,* 1 Burr. 447. *The People* v. *Allen,* 6 Wendell, 486. *Davison* v. *Gill,* 1 East, 72. In the case at bar, although there are no negative words, the language of the statute is imperative, and I think the legislature evidently intended to limit the time within which the justice should make his decision. The section contains an addition to the old law. The justice must not only render judgment, but he must *enter the same in his docket* within the four days. Nothing was to be left in doubt; but the rights of the parties were to be unalterably settled within the prescribed period. A limitation of the time during which the cause might be held under advisement, was not only proper in itself, but was important in reference to the remedy by *certiorari* or appeal. Without such a limitation, the parties might often fail to ascertain that the cause had

been decided until the time had elapsed for commencing proceedings by way of review. We cannot depart from the statute without making a dangerous precedent.

Judgment reversed.