By the Court, Nelson, Ch. J.
We have repeatedly held that pleadings in justices’ courts as brief and imperfect as those in the present case, were sufficient to let in the evidence, unless the party was called on, at the time of joining issue, to state his *62 cause of action or defence more at large. The court below were therefore right in overruling the first objection taken at the trial.(a)
I think the doctrine of the case of Watson v. Davis (19 Wend. 371) is a full authority for the decision of the court below that the former trial and submission, not having been folr lowed by the rendition of a judgment within four days, constituted no bar to the present action. In the case cited, judgment was rendered after the four days had expired, and we held that the action had therefore abated. The fact of such judgment having been rendered was hr np way material, so far as the principle involved in the decision is concerned. That rests and was placed upon the ground that the justice omitted to act till after his functions had ceased. His neglect to render judgment within the four judicial days worked a discontinuance. The subsequent step in the cause was therefore coram non judice, and left the matter open for a rehearing. The case of Hess v. Beekman, (11 Johns. Rep. 457,) when rightly understood, does not conflict with this view. There, the plaintiff withdrew the action within the four days, and the justice rendered judgment against him for costs. The court, being of opinion that the plaintiff had no power over the suit after it had been submitted, regarded the judgment as having passed against him upon the merits, and as ofogmlrse conclusive upon the subject matter involved. It waMgjJfe singular, and most unreasonable, to hold that the neglecfcjiyg justice to exercise his judgment upon the case at all, or until his power to do so had ceased, should have the effect to conclude the plaintiff and extinguish his demand forever, without any fault or interference on his part. Upon the doctrine contended for, I do not see but, if the justice should die, resign, or in any way become disabled, so that judgment could not be rendered within the four days, the plain *63 tiff would be concluded, and the demand, however meritorious, gone.
I think the common pleas were right and that their judgment should be affirmed.
Judgment affirmed.(b)

 See Cowen's Treat. 551, 569, 2nd ed. and the cases there cited; Fitch v. Miller, (13 Wend, 66;) Civill v. Wright, (id. 403;) Whitney v. Crim, (1 Hill, 61;) West v. Stanley, (id. 69;) Chamberlin v. Graves, (2 id. 504, 506, and cases cited in note (b);) Hebbert v. Delaplaine, (3 id. 187;) Dunham v. Simmons, (id. 609.)

 Where a justice omitted to render judgment on a verdict in favor of the de. fendant; held, a bar to a second action for the same cause. (Felter v. Mulliner, 2 Johns. Rep. 181.) This case seems to have gone upon the ground, that, under such circumstances, the entry of judgment being a thing of course, the verdict alone ought to conclude. And see Young v. Overacker, (id. 191.)