### KEELER vs. LOCKWOOD.

After the jury in a justice's suit, had retired they sent for the justice; he notified the parties, expecting them to follow him, and went into the jury room alone, when the jury informed him that. they could not agree and that they wished further instructions. The justice, on discovering that the parties had not followed him, declined giving instructions, advised the jury to make another effort to agree, and then retired and informed the parties what the jury had said. They all then returned to the jury room, when it was agreed that the jury might examine witnesses further, which they did without objection. *Held*, that there was no irregularity.

ERROR to the Putnam common pleas. The facts are sufficiently stated in the opinion.

*By the Court*, NELSON, Ch. J. Keeler brought a suit in justice's court against Lockwood, to recover the one half

of a partnership debt, which they owed as partners, to one H. & J., and which the plaintiff had paid—the suit appears to have been a special action on the case, charging that the plaintiff was induced to make the payment in consequence of the fraudulent representations of the defendant that he was unable to pay any thing, and thereby not only compelled the plaintiff to pay the whole amount of the, debt, but induced him to exchange mutual releases under seal in consideration that he would pay a part of the indebtedness. It is somewhat difficult to comprehend precisely the ground upon which the plaintiff sought to sustain his action, nor is it material to inquire into it particularly, as the jury found in favor of the force and validity of the release.

After the jury had retired under the charge of a constable they sent for the justice, wishing to see him. He notified the parties on both sides, and all went into the jury room; they informed the justice they could not agree. He advised that a further effort must be made and left them.

They again sent for the justice who notified the parties and passed into the room alone, expecting the parties to follow, but they did not; the jury again said they could not agree, and wished instructions. The justice declined giving any and again advised them to make a further effort. The justice then retired and informed the parties what the jury said, and all again went into the room, when it was agreed by the counsel and parties on both sides that they might further examine witnesses if they wished; they sent for one of the witnesses, and the jury re-examined him as they saw fit, without objection, and all again returned; after this the jury found a verdict for the defendant, on which judgment was rendered, and reversed by the common pleas on certiorari.

It is difficult to perceive any ground for interfering with the judgment before the justice.

It is said, that the justice was guilty of an irregularity in appearing in the room with the jury alone. But this was accident. He had notified the parties, they made no objections, and he had a right to suppose they would follow; as soon as he discovered they had not, he refused to hold any

communication with the jury and withdrew, when all parties returned with him into the room. (*Rogers* v. *Northrop*, 13 Wend., 274.)

(There were two other points raised, but it is unnecessary to state them.)

Judgment of common pleas reversed, and that of justice affirmed.