Moody *v.* Pomeroy.

to pledge their credit for the freight. The only authority which could be implied, was to receive the goods, paying the freight on delivery. The case establishes the principle that the party who actually receives the goods under the bill of lading becomes thereby a party to its stipulations respecting freight. The charge of the court below was therefore erroneous, and the judment must be reversed.

Judgment reversed.

---

## MOODY *vs.* POMEROY.

It is error for a justice of the peace before whom a cause has been tried by a jury to go into the jury room while the jury are deliberating and give them instructions upon the evidence, without the *express* consent of the parties. It is not enough that they know he is going in and do not object.

ERROR to Cortland common pleas. Pomeroy sued Moody before a justice, and after a trial by jury, there was a verdict for the defendant. On *certiorari* the common pleas reversed the judgment, because the justice went into the jury room while they were deliberating upon their verdict, and gave them instructions upon the evidence, without the presence, or the *express* consent of the parties. They knew the justice was going into the jury room, and made no objection.

*Shankland & Crandall*, for the plaintiff in error.

*J. H. Thomas,* for the defendant in error.

PER CURIAM. The case of *Taylor* v. *Betsford*, (13 *John.* 487,) is directly in point; and although it is an extreme case, (1 *Hill*, 61; 7 *John.* 200; 13 *Wend.* 274,) it seems not to have been overruled.

Judgment affirmed.