## FIERO vs. REYNOLDS.

The provision of the statute, prescribing the time within which a venire for a second jury, upon a discharge of the first by a justice, for their failure to agree, shall be made returnable, (2 *R. S.* 245, § 111,) was designed for the convenience of the parties, and a compliance with it may be waived by their consenting that the process be returnable at a later period.

Where the return of the justice, after stating the discharge of the first jury, added "I then proposed to the parties to postpone the cause until the 17th day of May, 1853, at &c., to which neither party made any objection. I then issued another venire," returnable at the time and place proposed; *Held* that it must be inferred, upon the principle that every reasonable intendment is to be made in support of a judgment, that the parties understood the proposition, and said nothing indicating dissent; that the parties were in a position requiring them to express their dissent, or be concluded; and that the omission to object was equivalent to an express consent to the postponement.

In such a case a consent, in express terms, is not necessary.

APPEAL from a judgment of the Cayuga county court. The action was commenced before a justice of the peace, by summons returnable May 7, 1853, and was tried on the 14th of May, before a jury; a venire being called for by the defendant. The jury did not agree, and were discharged by the justice, on the same day, Saturday. The justice stated in his return, that he then "proposed to the parties to postpone the cause until the 17th day of May, (Tuesday,) to which neither party made any objection." There was no other *consent* to this arrangement than such as is to be implied from the *silence* of the parties. On the adjourned day the plaintiff appeared, with his witnesses, and took judgment. The defendant did not appear, but appealed to the county court, and there alleged for error the violation of the section of the statute which provides that when a jury cannot agree, and are discharged, the justice "shall issue a new venire, returnable within *forty-eight hours*, unless the parties shall have consented that the justice may render judgment on the evidence already before him; which in such cases he may do." (2 *R. S.* 245, § 111.)

The county court reversed the judgment of the justice, and the plaintiff appealed to this court.

*Wm, Allen,* for the appellant.

*Jas. R. Cox,* for the respondent.

*By the Court,* T. R. STRONG, J. If the justice erred, in making the second venire returnable more than forty-eight hours after discharging the first jury, it did not affect his jurisdiction ; the case was one of mere error or irregularity in the exercise of jurisdiction. But his judgment was subject to reversal for the error, as much so as if he had acted without jurisdiction. (*Hard* v. *Shipman,* 6 *Barb.* 621.)

The provision of the statute, prescribing the time within which a venire for a second jury upon a discharge by a justice of the first for their failure to agree, shall be made returnable, (2 *R. S.* 245, § 111,) was designed for the convenience of the parties, and compliance with it may be waived by their consenting that the process be returnable at a later period. (*Embury* v. *Conner,* 3 *Comst. Rep.* 511, *and cases there cited.*) It is claimed on the part of the appellant, that such consent was given in this case, and that presents the principal question for decision.

The return of the justice, after the statement of the discharge of the first jury, proceeds, " I then proposed to the parties to postpone the cause," to the time to which it was postponed, " to which neither party made any objection." The proposition was to the parties, from which it must be understood that it was heard by them. It is not stated what language was used in making the proposition, or whether or not any thing was said by the parties, or either of them, in answer to what was said by the justice. If the respondent had regarded it as important, he might doubtless, by proper proceedings in the county court, have procured an amendment of the return, in those particulars, but in the absence of more precise information, it must be inferred, upon the principle that every reasonable intendment will be made in support of a judgment, that the parties understood

Fiero *v*. Reynolds.

it, and that neither said any thing indicating dissent. The return next states, " I then issued another venire," returnable at the time and place proposed, and it is a reasonable inference that this was done in the presence of the parties. It thus appears that there was not only the proposition by the justice, but that it was acted upon at the time, with the full knowledge of the parties ; and the statement that no objection was made applies to the whole period. Was not this omission to object equivalent to an express consent to the postponement? Were not the parties in a position that required them to express their dissent or be concluded? Could the justice fail to understand the parties as consenting? The proper answers to these questions appear to me to be plain. I am satisfied that both parties intended to, and did in fact, at the time, consent to the postponement. (*Whitney* v. *Crim*, 1 *Hill*, 61. *Kilmore* v. *Sudam*, 7 *John*. 530. *Bullard* v. *Spoor*, 2 *Cowen*, 430. *Ackerman* v. *Finch*, 15 *Wend*. 652.)

It was proper for the justice to return the particulars of what took place before him in relation to the postponement. It is sufficient to sustain his judgment if it is apparent from the return that the consent of the parties was given ; and the court will draw the conclusion as to the general fact from the particular facts returned.

The principle of the case of *Taylor* v. *Betsford*, (13 *John*. 487,) is not applicable to this case. It is, that the consent of parties to a justice entering the room where the jury are deliberating, privately and apart from the parties, to answer questions at the request of the jury, will not be inferred from the knowledge of the parties that he was going into the room, and their not making objection ; inasmuch as the practice is dangerous and improper, and ought to be guarded against. Here there is no dangerous or improper practice against which it is important to provide. The case referred to, as has been said by the court in subsequent cases, is an extreme one, and the principle ought not to be extended. (*Whitney* v. *Crim, above cited. Moody* v. *Pomeroy*, 4 *Denio*, 115.) In cases like the present, I

am of opinion that a consent in express terms is not necessary. The judgment of the county court must be reversed, and that of the justice affirmed.

[CAYUGA GENERAL TERM, June 4, 1855. *Selden, Johnson* and *T. R. Strong,* Justices.]