## MARY BERRIAN *v.* CHARLES OLMSTEAD.

In an action by a tenant against a landlord, for damages for a breach of an agreement to make an addition to the demised premises, for which addition the tenant was to pay an increased rent; the plaintiff can only recover the difference between the value of the improvement contracted for, and the additional rent to be charged when the same should be completed.

A justice loses jurisdiction of a cause, unless his decision is rendered within the period prescribed by the statute.

Where one adjournment has been ordered by the mutual consent of the parties, the justice may, for good cause shown, direct a further adjournment for the whole time for which he might have adjourned the case when the issue was joined.

APPEAL by a landlord from a judgment of the Third District Court, for damages in an action by his tenant for a breach of a covenant to erect an addition to the demised premises, for which improvement an increased rent was to be incurred by the tenant. The facts and points in the case appear in the opinion.

*Francis Tillou,* for the defendant.

*William C. Carpenter,* for the plaintiff.

BY THE COURT. INGRAHAM, FIRST J.—The cause was tried on the 4th of October, 1854. The statute 2 R. L. p. 370, § 87, requires the justice to give judgment within four days thereafter. (*a*) The four days thereafter expired with the 8th October, and judgment was not rendered until the 9th October. This was not in compliance with the statute, and the justice lost jurisdiction of the case. (19 Wend. 371; *Nodine v. Partington,* Ct. Com. Pleas, G. T. June, 1851; *Kane v. Dulex,* May Term, 1854, 7 Cow. 147; 11 Barb. S. C. R. p. 96.)

(*a*) Extended to eight days, by § 47 of the District Court consolidation act. (See Laws of 1857, vol. 1, p. 707.)—REP.

The justice was limited to three months as the period to which, under any circumstances, he could adjourn the case; but from the adjournments made by him, must be deducted the first adjournment, which was, by consent, to the 21st July. After that, the period of three months had not elapsed until judgment. (a)

The damages also, were, I think, too much. The additional rent agreed to be paid was, in the absence of any proof of special damages, to be deducted from the value of the improvements in estimating the damages to be recovered. Where the claim relates to a house, the expenses of removing furniture, and some expenses of a similar nature may be allowed; but not so where the tenant remained in the occupation of the premises. In this case the plaintiff proved, by a witness, what he thought the vault to be worth, which, under the case of *Gilee* v. *O'Toole*, 4 Barb. 263, is of doubtful propriety, and the justice there gave the full value without charging the plaintiff for the rent, which he would have paid if the contract had been completed. This was giving the plaintiff the full use of the improvement, without requiring her to pay any thing for rent of it.

Judgment reversed.

(a) See § 27 of the act cited in note (a). p. 279.—REP.