### BARNES vs. BADGER.

The limitation of time, in the statute directing that justices of the peace shall render judgment and enter the same in their dockets within four days after the submission of the cause, was intended for the convenience of the parties and the protection of their rights; and a compliance with the statute may be waived by them.

When any act is deferred beyond the time limited in the justices' act, by the consent of the parties, it is no error that the act is done after the time specified in the act, if done within the agreed time.

Where parties submit their cause to the justice, and stipulate with each other that the justice may take five days instead of four, to render judgment, *it seems* they will be *estopped* from ever alleging in a court of justice, as a ground of error, that the judgment was rendered on the fifth instead of the fourth day.

THIS cause arose in a justice's court. The return of the justice, after stating the proceedings in the cause, and embracing the trial and evidence &c. concludes as follows: "The cause was then submitted without argument; when by stipulation of parties, at my request, they agreed to five days' time instead of four in which to decide upon the case. Therefore, I, on the 14th day of November, 1854, rendered judgment in favor of the plaintiff against the defendant for

Damages, . . . . . . . . . . . . . $77 96
Costs, . . . . . . . . . . . . . . 3 04
                                   ———————
                                   $81 00"

The return showed that the judgment was rendered on the fifth day. The county court reversed the judgment of the justice, and the plaintiff appealed to this court.

*By the Court*, MASON, J. The only question presented in the case is whether the justice had so far lost jurisdiction of the cause as to make the judgment rendered on the fifth day erroneous. The statute directs that the justice shall render judgment and enter the same in his docket within four days after the cause shall have been submitted to him for his final decision. (2 *R. S.* 247, § 124.) I am aware that it has been decided under this statute, that it is the duty of the justice

to render his judgment within the four days after the cause is submitted to him for final decision ; and that a judgment rendered after the four days is erroneous, and will be reversed on error. (*Watson* v. *Davis*, 19 *Wend.* 371. *Young* v. *Rummel*, 5 *Hill*, 60.) The statute is equally as imperative in its language that the justice shall enter the judgment in his docket within the four days, as it is that he shall render it within that time ; and yet it was held in *Hall* v. *Tuttle* (5 *Hill*, 38, 41, 42) that he was not thus limited as to time in entering the judgment in his docket, if he had actually made up his judgment and made an entry thereof in his minutes ; or in other words, that the entry in the docket after the four days was good. I am not going to complain of these cases, although it seems to me that it is hardly consistent to construe one part of this same sentence—coupled together as the two acts are—as imperative and the other as directory. The general rule most certainly is, that where a statute directs a public officer to do a thing within a certain time, without any negative words restraining him from doing it afterwards, the naming of the time will be regarded as merely directory, and not as a limitation upon his authority. (*Pond* v. *Negus*, 3 *Mass. Rep.* 230. *The People* v. *Allen*, 6 *Wend.* 486. *Marchant* v. *Langworthy*, 6 *Hill*, 646. *Ex parte Heath*, 3 *id.* 43. 12 *Wend.* 481. 5 *Conn. Rep.* 269. 11 *Wend.* 604. *The People* v. *Cook*, 14 *Barb.* 290 *to* 292.) And this principle seems to have been applied as well to acts judicial in their character as those which are ministerial. The statute under consideration has no negative words limiting the power of the justice to render a judgment after the four days. And I must confess when I read this statute, which says that the justice shall render judgment, and enter the same in his docket within four days after the cause shall have been submitted to him for his final decision, I am at a loss to ascertain how any court can say that the legislature intended that the first should be mandatory and the second directory. The only reason assigned by the court for giving

Barnes *v.* Badger.

a different construction to one from what is given to the other, is that the one act is judicial and the other ministerial; and as there is more propriety and necessity for limiting the judicial act to the four days than there is the ministerial one of entering the judgment on the docket, therefore the former is limited, and the latter not. This would be a very good argument to address to the legislature while framing the statute, but I think a very poor one to arrive at the actual legislative intent of this statute, coupled by the language as are the two acts in the same sentence. I fully agree with the court in *Watson* v. *Davis*, (19 *Wend.* 372,) that a limitation of the time during which the cause might be held under advisement is not only proper in itself, but is important in reference to the remedy by certiorari or appeal; for without such a limitation the party would never know when to expect judgment, which certainly would be a serious prejudice to his rights; and I am not disposed particularly to complain of the decisions referred to, because the courts have placed this limitation of time upon these courts instead of the legislature. In the case at bar, however, I am entirely satisfied that the judgment is neither invalid nor erroneous. This limitation of the time was intended for the convenience of the parties and the protection of their rights; and a compliance with this require- ment of the statute may be waived by the parties, and when the party knows the judgment may be expected by the fifth instead of the fourth, he is not injured. It is the right of the party to have his judgment rendered within the four days; yet he may waive that right. There are no rights which a party pos- sesses which he may not waive, even his constitutional rights. An unlawful adjournment of a cause is held by the courts to operate as a discontinuance of the cause, and renders the sub- sequent judgment erroneous; and yet it has been held that if a party appears on the adjourned day, he waives his right to complain of the error, or if he has consented to the adjourn- ment he equally waives his right. Where a venire has been issued in a justice's court and the jury have disagreed, the

Barnes *v.* Badger.

statute is equally imperative that the justice shall issue a new venire returnable within forty-eight hours; and yet it was held no error to adjourn the cause to a future day, and issue a venire returnable on that day. (*Fiero* v. *Reynolds*, 20 *Barb.* 275.) The court says this limitation of time was for the convenience and benefit of the parties, and they may waive compliance with it by consenting that it may be made returnable at a future day; and I venture to say that no case can be found in the books where these statutes controling and governing justices' courts have fixed a limit of time within which an act was to be done, and when it has been done after the time by the consent of the party, that the judgment has been held erroneous. There is nothing in the argument that the justice had not jurisdiction after the four days had elapsed, and therefore the stipulation of the parties could not confer it. I admit that where the subject matter of the action is of a character of which the justice has not jurisdiction, the consent of the parties cannot confer jurisdiction. But here the justice had jurisdiction over the parties and the subject matter, and if he had let the four days go by without the consent of the parties, his jurisdiction to render judgment would have been gone. And as the statute limits this authority to adjourn a cause to ninety days, it is held that if he adjourns the cause beyond ninety days he loses his jurisdiction, and has no right to try the case; and yet if the parties have consented that he might adjourn it beyond the ninety days there is no error. The law requires the cause to be tried upon the pleadings, and yet where the parties agreed to waive their pleadings and try the cause on its broad merits, the courts held them to their agreement, even upon retrial upon appeal in the county court. (9 *Cowen*, 274.) And so when any act is deferred beyond the time limited in the justices' act, by the consent of the parties, it is no error that the act is done after the time specified in the act, if done within the agreed time. But it is questionable whether this appellant is not estopped from alleging this as error. It was

adjudged in the case of *Peck* v. *McAlpine*, (3 *Caines*, 166,) where the justice adjourned a cause beyond the time authorized by the statute, at the instance of a party, that he was afterwards estopped from alleging it as error.   Here in the case at bar, where the parties submit the cause to the justice, and stipulate with each other that the justice may take five days instead of four to render judgment, it is questionable whether upon the doctrine of estoppel the appellant's mouth is not closed from ever complaining in a court of justice that his judgment was rendered on the fifth instead of the fourth day.   The judgment of the county court should be affirmed.

[TOMPKINS GENERAL TERM, October 27, 1857.   *Gray, Balcom* and *Mason,* Justices.]