THOMAS KEATING *against* EDWARD SERRELL.

Notwithstanding the justice of a District Court in the city of New York is by the statute (L. 1857, c. 344, § 47) required, upon the trial of an issue of fact before him, to render judgment within eight days from the time the same is submitted to him for that purpose, yet as this statutory provision is for the benefit of the parties, it may be waived by them, and they may, by stipulation, authorize the justice to render judgment after the expiration of the time limited by the statute.

Where by such a stipulation made by the parties the time within which the justice may render judgment is expressly fixed, and the last day for rendering judgment falls on Sunday, the justice may lawfully render judgment on the day following.   Nor will the fact that the time fixed by the stipulation is the same as that fixed by the statute (eight days) prevent this result, although, *it seems*, that if there is no stipulation, and the justice acts under the statute, he must, if the last day falls on Sunday, render judgment on the day previous.

Where a judgment of a District Court appears on its face to be have been rendered on Sunday, and on appeal it is attacked as irregular on this ground, the justice may in his return show that it was actually rendered on Monday, and dated on Sunday by mistake.

APPEAL from a judgment of the First District Court, ren- ·dered after a trial upon an issue of fact, tried before the justice, ·without a jury.

The action was·brought to recover $200, being a balance

alleged to be due to the plaintiff from the defendant, on a loan of $500, which the former claimed he made to the latter.

The return of the justice stated that the trial took place, and the case was closed on the 7th day of February, 1873, and that thereupon the same was submitted to him for his decision and determination. It further appeared by his return, that on the 10th day of February, a stipulation signed by the counsel for the respective parties was filed with the justice, whereby it was agreed that the cause should be regarded as submitted to the justice on the 15th day of February, and that he should have eight days thereafter to render his decision therein. On the 24th day of February, the justice rendered judgment in favor of the plaintiff, but by mistake he dated it as of the 23d, which was Sunday.

The defendant appealed to this court.

*Strong & Shepard*, for appellant.

*R. H. Hope*, for respondent.

LoEW, J.—As the evidence in reference to whom the loan was made was conflicting, the justice was warranted in finding that it was made by the plaintiff to the defendant, and not, as claimed by the latter, to Churchill, and afterwards by Churchill to the defendant.

It therefore becomes necessary to consider three questions of law:

1st. Can the parties to an action by stipulation, extend the time within which the justice may lawfully render his decision?

2d. If so, and the last day falls on Sunday, can judgment be legally given on Monday? and

3d. Is a judgment which was rendered on Monday, but which purports to have been given on Sunday, valid?

The 47th section of the district court act directs that the justice shall render judgment within eight days from the time the cause is submitted to him for that purpose (L. 1857, c. 344, § 47). This limitation as to the time within which the justice may render his decision, was designed by the Legislature for the benefit of the parties and the preservation of their

rights.    But while it is the undoubted right of the parties to have the judgment rendered within the time prescribed by the statute, they may nevertheless waive that right (*Barnes* v. *Badger*, 41 Barb. 98).    It follows that the parties can by stipulation enlarge the time for rendering judgment, and if the same be given within the stipulated time, it will be valid.

Now, where the period for doing an act is prescribed by a statute, and the last day falls on Sunday, it must be done on the preceding day.    Accordingly where the last day within which the district court act authorizes the justice to give judgment, falls on Sunday, he must render the same on Saturday (*Bissell* v. *Bissell*, 11 Barb. 96).    But the rule of law in regard to performing a contract or fulfilling an agreement is otherwise.    In such a case, if the last day fixed for the performance of the act should happen to be Sunday, it may be performed on the following day (*Campbell* v. *The International Life Ins. Soc.* 4 Bosw. 319).    And it makes no difference that the time fixed by agreement for doing the act happens to be the same as that laid down by the statute (*Broome* v. *Wellington,* 1 Sand. 666).    In the case at bar, the justice acted under the stipulation, and as the time mentioned therein expired on Sunday, he was justified in rendering judgment on the next following day.

The only other question has reference to the date of the judgment, from which it would appear to have been rendered on Sunday.    If this were so, it would be void.    At the common law, no judicial act could be performed on Sunday (*Story* v. *Elliot*, 8 Cow. 27).    And the Revised Statutes prohibit the opening of any court and the transacting of any judicial proceedings on that day, except for the purpose of receiving a verdict or discharging a jury (2 R. S. 275, § 7).    The only valid judgment that the justice could therefore render on Sunday would be on the verdict of a jury, given on that day, inasmuch as the district court act directs that where the trial is by jury, the judgment must be entered immediately after the finding of the verdict (L. of 1857, chap. 344, § 42).    In the present case, however, it appears from the return of the justice that he did not render the judgment on Sunday, but on Monday, and that by mistake he dated it as of the preceding day, which was

Sunday. This mistake did not render the judgment void. The justice may show when it was actually rendered, and that the date it bears was made by mistake (*Borland* v. *Stewart*, 4 Wend. 568; *Jennings* v. *Carter*, 2 Id. 446). In fact, although he could not alter or change his judgment by correcting a mistake in it, after the time to which he was limited in rendering the same (*Dauchy* v. *Brown*, 41 Barb. 555); he could, nevertheless, before the filing of a transcript in the county clerk's office, by which it becomes a judgment of this court, have corrected the clerical error referred to, so that the date of the judgment would conform to the day on which it was in reality rendered (*Christopher* v. *Van Liew*, 57 Barb. 17).

The judgment should be affirmed, with costs.

DALY, Chief Justice.—I agree with Judge LOEW that the obvious intent of the statutory provision, requiring judgment to be rendered within a certain number of days after the trial, was for the advantage of the parties. It was not intended to be essential to the jurisdiction of the court; for that is acquired, as to the person and the subject-matter, by the service of the summons and the appearance of the parties. It is a provision to secure dispatch in these courts, where the amount in litigation is small; where the questions arising are not usually of the gravity and importance of those that are litigated in the higher courts, and where the claimants are largely of a class to whom the immediate recovery of their small claims is of very great importance, depending as most of them do, upon the fruits of their daily labor for support. If we may, as I think we can, having the authority of adjudged cases in support of it (*Barnes* v. *Badger*, 41 Barb. 101; *Fiero* v. *Reynolds*, 20 Id. 275; *Embury* v. *Connor*, 3 N. Y. 511), put this construction upon this statutory provision in relation to these courts, then it was competent for the parties to waive it, and to agree that the judgment, instead of being rendered within the statutory time, might be rendered within a fixed time beyond that. If we are justified in this conclusion, then the construction of the time, where the last day falls upon Sunday, must be that which prevails in agreements—*i. e.*, that when

the last day, or day of performance, falls upon Sunday, it is not, for the purpose of carrying the agreement into effect, a day in the law, and the party has, in consequence, the whole of the following Monday within which to perform it (*Avery* v. *Stewart*, 2 Conn. 69 ; *Salter* v. *Burt*, 20 Wend. 205). A different rule prevails in the construction of statutory time, the reason for which, as was said by the court, in *Broome* v. *Wellington* (1 Sandf. 664), is not very obvious. The only reason given is the statement of the court, in *Ex parte Dodge* (7 Cow. 147), that " Sunday has in no case, *we believe*, been excepted in the computation of statute time ; " and that of Baron Park, in *Rowberry* v. *Morgan* (9 Exch. 9), that when the statute says a certain number of days, it means that number of days. In Pennsylvania, on the contrary, the rule that prevails in agreements is applied to statutory time ; and that the English courts are not very well satisfied with what was held in *Rowberry* v. *Morgan* (*supra*), and two subsequent cases, appears by the decision in *Hughes* v. *Griffiths* (13 Com. B. N. S. 323), that when the last day named in a statute falls upon Sunday, and the act is to be done by the court and not by the party, it may be done on the following Monday, which is applicable to the state of facts in this case.

J. F. DALY, J., concurred.

Judgment affirmed.