JEREMIAH MAHONEY, APPELLANT, v. JAMES M. DECKER, RESPONDENT.

*Communication between judge and jury, in the absence of counsel — what is a waiver of the irregularity — when it is not ground for a new trial.*

This was an action brought by the plaintiff to recover the damages sustained by him, by reason of his falling through an open hatchway on the defendant's premises. After the jury had retired, and in the absence of counsel, the jury sent to the judge a communication asking if plaintiff had been paid his salary while laid up, to which the judge replied that there was no evidence upon that subject, and that if it was paid it was a mere gratuity. Subsequently the jury being unable to agree came into court, and it was claimed that plaintiff's counsel was then informed of what had taken place, and made no objection. The jury then retired and brought in a verdict for plaintiff for fifty dollars.

On a motion by the plaintiff's counsel to set aside the verdict, on the ground of such communication having been made, *held*, that if the plaintiff knew of it, and made no objection to the jury's retiring for the second time, he thereby waived the irregularity.

That, as in no event could he have been prejudiced by the communication, it furnished no ground for granting a new trial.

APPEAL from an order made at Special Term, denying a motion by the plaintiff to set aside a verdict herein in his favor.

This action was brought by the plaintiff to recover damages for injuries sustained by him, in falling through an open hatchway on the defendant's premises.

On the trial of the cause before Justice PRATT and a jury, on the 29th day of January, 1879, after the jury had retired to consider of their verdict, and in the absence of the plaintiff and his counsel, and without their consent, Justice PRATT received a written communication from the jury, and sent a written answer thereto to said jury. The following is the communication and answer : " Whether plaintiff had received his salary during the six months." Answer : " There is no evidence upon the subject that I remember of,— that he was paid anything while he was laid up ; it was a mere gratuity if he was."

The jury rendered a verdict for plaintiff for fifty dollars. Plaintiff's counsel duly objected to the verdict, and motion was made to set the same aside, on the ground that it was error for the justice to send the communication aforesaid to the jury in the absence of plaintiff and his counsel, and without their consent.

*Morris & Pearsall*, for the appellant.

*Benj. H. Bayliss*, for the respondent.

GILBERT, J.:

It is a well established and salutary rule, and one very essential to the proper and effectual administration of justice, that the instructions of the judge to the jury should be openly and publicly imparted.

The right of a suitor to have the trial of his cause conducted openly, with the opportunity to be present, and to except to and review any unwarranted instruction or procedure, is a substantial one, and if any infraction of it occurs the burden rests upon the party maintaining the regularity of the proceedings to show that the communication, or act, or question could not have tended to the injury of the defeated party.

If, however, it appears affirmatively and beyond dispute that the instructions, instead of being prejudicial to the party complaining, was really favorable to him, and could not have worked

any injustice, or in any way have affected the result, or if the irregularity has been cured by the assent of the party alleging it, it is not a sufficient reason for ordering a new trial.

We have not been referred to any case in which the verdict has been set aside where the irregular communication was shown to be immaterial, or where it was clearly proven that it could not have influenced the result to the prejudice of the defeated party; but the contrary has frequently been held. (*Rogers* v. *Moulthrop*, 13 Wend., 274; *Horton* v. *Horton*, 2 Cow., 589.) In the cases of *Bunn* v. *Croul* (10 Johns., 239), and *Taylor* v. *Betsford* (13 id., 487), the practice which had grown up in justices' courts for the justice to visit the jury, after they had retired, and talk with them about the case, was justly censured and disapproved as objectionable and dangerous ; but in neither of these cases did it appear what the communication to the jury by the justice was.

In *Plunkett* v. *Appleton* (41 Sup. Ct., 159), and *Watertown Bank* v. *Mix* (51 N. Y., 558), it appeared that the irregular communications were unfavorable to the defeated party, and might have affected the result.

In this case the action was brought to recover damages sustained by plaintiff in falling through an open hatchway upon defendant's premises. After the jury had retired to deliberate upon their verdict, and while counsel were absent from the court room, the judge received a written communication from the jury inquiring whether the plaintiff had received his salary during the six months, to which the court answered : " There is no evidence upon the subject, that I remember of, that he was paid anything while he was laid up ; it was a mere gratuity if he was." Subsequently the jury, not having agreed, were brought into court, where, according to the testimony of several witnesses who were present, plaintiff's counsel was fully informed, in the presence of the court and jury, concerning the communication and answer, but did not object or except to the same, or request further instructions to be given. The jury again retired, without objection on the part of the plaintiff, and rendered a sealed verdict on the following morning in favor of the plaintiff.

Whether this conduct on the part of plaintiff is considered a waiver of the irregularity complained of or not, it is clear that

no prejudice to the plaintiff could have resulted from the instructions given, which were plainly favorable to him.

The order denying plaintiff's motion for a new trial must be affirmed, with costs.

Present — BARNARD, P. J., GILBERT and DYKMAN, JJ.

Order affirmed, with costs.