### KUKLO *v.* KLEIS.

*(Supreme Court, General Term, Fifth Department. October, 1888.)*

1. APPEALS—FROM INFERIOR COURTS—DISMISSAL.
    Code Civil Proc. N. Y. § 3062, provides for dismissal of an appeal from a justice's court only in case the action is not brought to a hearing before the end of the second term after the appeal is taken. Section 3063 provides that the judgment may be either affirmed or reversed in whole or in part. *Held,* that an appeal from a justice cannot be dismissed by the county court, on the ground that the justice had no jurisdiction to enter judgment at the time he entered it.

2. JUSTICES OF THE PEACE—ENTRY OF JUDGMENT—WITHDRAWAL OF ACTION.
    Under Code Civil Proc. N. Y. § 3015, providing that when the plaintiff is nonsuited, or discontinues or withdraws his action, the justice must forthwith enter judgment, he has no power to enter judgment 10 days after the withdrawal of an action.

Appeal from Erie county court.

Action by Frederick Kuklo against John Kleis, commenced before a justice's court. The plaintiff appeals from an order dismissing an appeal to the county court. Code Civil Proc. N. Y. § 3015, provides that "when the plaintiff is nonsuited, or discontinues or withdraws the action, or where the judgment is confessed, or a verdict is rendered, * * * the justice must forthwith render judgment, and enter it in his docket book."

*T. W. Schiller,* for appellant.      *H. S. Heath,* for respondent.

DWIGHT, J. The judgment appealed from was entered on a withdrawal of the action in the justice's court, but not until 10 days after the action was withdrawn. The appeal was dismissed by the county court on the ground, as appears from the opinion of the county judge, that an appeal will not lie from a judgment so entered. We think this disposition of the appeal was unauthorized. The county court has jurisdiction of appeals from justices' courts only as provided by statute. Section 3062, Code Civil Proc., prescribes the only case in which an appeal may be dismissed, viz., when not brought to a hearing before the end of the second term after the appeal is taken. In all other cases the county court must give judgment either of affirmance or reversal, in whole or in part. Section 3063. It was not competent, therefore, for the county court to dismiss the appeal in this case. It should have rendered a judgment either of affirmance or of reversal.

The views expressed by the county judge in his opinion would lead to affirmance; but this, we think, would have been error.    The justice had lost jurisdiction of the case before he entered judgment.    He was required to enter judgment forthwith.    Section 3015.    He had no jurisdiction to do so at a later day.    So, in numerous cases, it has been held in respect to judgments required to be entered forthwith under other provisions of the same section, or the corresponding provision of the Revised Statutes.    2 Rev. St. p. 247, § 124; *Watson* v. *Davis*, 19 Wend. 371; *Sibley* v. *Howard*, 3 Denio, 72.    The fact that in this case the plaintiff consented to a judgment against him by a withdrawal of his action does not change the rule in this respect.    He has not consented to this judgment, but only to a judgment to be entered forthwith as required by the statute.    He has not consented to extend the jurisdiction of the justice for 10 days to enable him to enter a judgment at the end of that time.    If such an extension can be taken for 10 days, there is no reason why it might not be taken for 10 months, and the burden be thrown on the plaintiff to show that he was predjudiced by the delay.    The answer to all such propositions is that the justice had no jurisdiction to enter a judgment after the day on which the action was withdrawn.    For the reasons stated, the judgment of the justice's court should have been reversed, and to this the respondent below had consented by a stipulation under the provisions of section 3062 of the Code.    We think the county judge was right in the view intimated by him that the irregularity in the entitling of that stipulation was not such as to mislead the appellant below, and we see no reason why the judgment of the justice's court might not have been reversed pursuant to that stipulation.    The order of the county court must be reversed, but without costs to either party.    All concur.    So ordered.