(Opinion published 52 N. W. Rep. 935.)

---

R. H. RUCKER *vs.* R. MILLER.

Submitted on briefs June 1, 1892.   Decided July 1, 1892.

**Entry of Judgment forthwith May be Waived in Justice Court.**

Where, in a trial by jury before a justice of the peace, a verdict was duly rendered on Saturday night, and at the instance and by the consent of defendant, the defeated party, judgment was not formally entered for the amount of the verdict and costs until Tuesday following, *held,* that it was competent for the defendant to waive strict conformity with the statute as to the time of entering the judgment, and he will not be heard to raise the objection on appeal.

Appeal by defendant, R. Miller, from a judgment of the District Court of Cottonwood County, *P. E. Brown,* J., entered against him September 7, 1891, for $63.80.

The plaintiff, R. H. Rucker, commenced this action in the court of a justice of the peace to recover upon an account stated for making cheese.   Defendant claimed to offset damages he sustained because the cheese was not well made.   Plaintiff had a verdict Saturday evening, March 28, 1891, for $30.   The justice states in his amended return that he immediately announced that he rendered judgment for $30 and costs, and commenced to tax the costs and write up his docket, but it was late, and he was tired, and defendant's attorney

said to him that it would make no difference if he did. not enter the judgment for three days. The justice did no more that night, and delayed entering judgment until Tuesday, March 31, 1891.

The defendant on April 10, 1891, appealed to the District Court upon questions of law alone, where the judgment of the justice was affirmed. Defendant then appealed to this court, and assigned as error that the justice did not forthwith render judgment on the coming in of the verdict and enter it in his docket. 1878 G. S. ch. 65, § 68.

*J. G. Redding,* for appellant.

Three months after the case was tried, the justice made an amended return, in which he states that defendant's attorney said: "It would make no difference if I did not enter the judgment for three days." Such a statement may have been made by some one, but the justice is mistaken as to which attorney made it, if either did. He would naturally ask the successful party about the proceedings subsequent to the verdict. But the return will be accepted as stating the facts and we must stand on it. No earthly thing will excuse the justice from rendering judgment instanter upon receipt of the verdict. *Wearne* v. *Smith,* 32 Wis. 412. The defendant had no authority, without both parties joined, to stipulate anything of the kind. All the justice certifies was said, was merely the expression of an opinion, and had reference alone to the entry of the proceedings in the docket.

*Wm. C. Benbow,* for respondent.

The appellant waived all objections to the entry of judgment by his statement to the justice that it would make no difference if he did not enter judgment for three days. *Barnes* v. *Badger,* 41 Barb. 98.

VANDERBURGH, J. This case was tried by jury before a justice of the peace, and a verdict returned by the jury, and duly entered by the justice upon Saturday evening, March 28, 1891.

The justice, soon after, notified the parties who were present of the verdict, and about what the costs would amount to. It also appears

that, as he was proceeding to make the proper entries in his docket, he expressed a wish to delay the entry of the judgment; whereupon the defendant's attorney, in the presence of the defendant, expressly consented to such delay; that is to say, he assured the justice that "it would make no difference if he did not enter it for three days." Acting upon this declaration, the justice did not enter a formal judgment in the case until March 31st, when the costs were taxed, and judgment regularly entered in his docket for the amount of the verdict and the costs, with notice to and without objection from the defendant's attorney.

Conceding (without deciding) that it was the strict legal right of the parties to have the judgment rendered on the same day the verdict was received, it was undoubtedly competent for the parties, or either of them, to waive that right. Here it seems the justice relied on the assurance of the defendant's attorney, and was induced thereby to delay the formal entry of judgment until the following Tuesday, when it was actually entered with his knowledge, and under his supervision in respect to the form thereof. We think the defendant must be held to be estopped from raising this point on appeal.

The limitation of time in respect to the rendition of judgments in justice's courts was intended for the benefit of the parties, to enable them to preserve all their rights by appeal; for, without some such provision, the defeated party would not know when to expect judgment, so as to secure full time for an appeal, and his right to a stay; but, where he consents to a later day, all his rights are preserved; just as, in this case, the defendant assumed that the time to appeal did not commence to run until March 31st. And where, by his own act, he induces the justice to postpone the entry of judgment beyond the strict statutory time, he will not be heard to object on that ground.  *Barnes* v. *Badger*, 41 Barb. 101; *Keating* v. *Serrell*, 5 Daly, 280.

Judgment affirmed.

(Opinion published 52 N. W. Rep. 958.)