## MAYER et al. v. FRIEDMAN.

(Supreme Court, Appellate Division, Second Department. November 21, 1899.)

MUNICIPAL COURT — RENDERING JUDGMENT — EXTENDING TIME—EXTENSION OF TIME.

A justice of the municipal court does not lose jurisdiction by failing to comply with the requirement of Consolidation Act (Laws 1882, c. 410) § 1384, that he shall render judgment within eight days from submission of the case to him, where counsel, by written stipulation, had extended the time.

Appeal from municipal court, borough of Brooklyn, Second district.

Action by David L. Mayer and others against William Friedman. From a judgment for plaintiffs, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, and HATCH, JJ.

George Ryall, for appellant.
Ira Leo Bamberger, for respondents.

WILLARD BARTLETT, J. We are satisfied that this judgment is right on the merits, and that it should be affirmed, unless the justice before whom the case was tried lost jurisdiction by reason of his failure to comply with the statutory requirement that he should render judgment within eight days from the time when the case was submitted to him for decision. Consolidation Act (Laws 1882, c. 410) § 1384. The return contains a typewritten stipulation entitled in the cause, and signed by the attorneys for the defendant, expressly providing that "the time of the justice to decide the above-entitled case be, and the same hereby is, extended to and including December 21, 1898." The decision was rendered on December 12, 1898, and therefore was seasonably made, within the terms of the stipulation. But the counsel for the appellant now insists that the time of the justice could not lawfully be extended, and argues that, while it is possible that the time might be enlarged by a consent of the parties themselves, no stipulation between their attorneys can have that effect. The cases are numerous which hold that a justice of the peace, or like inferior magistrate, ordinarily loses jurisdiction of a case if he neglects to render a decision within the time prescribed by statute. Watson v. Davis, 19 Wend. 371; Berrian v. Olmstead, 4 E. D. Smith, 279; Wiseman v. Railroad Co., 1 Hilt. 300. No decision to which we have been referred, however, goes so far as to hold that the statutory time may not be extended by means of a written stipulation between the attorneys representing the parties to the action. The principal case cited in behalf of the appellant to sustain that proposition affords it no support. Flynn v. Hancock, 46 Hun, 368. The stipulation which was there condemned was an oral stipulation, given by counsel to the justice separately, either at their respective offices or on the street; and the opinion shows that the refusal to give effect to the consent was largely due to the fact that it was not in writing. On the other hand, the precise question

whether the counsel in an action pending in a district court in the city of New York could, by means of a written stipulation, extend the time within which the justice might lawfully render his decision, was directly passed upon, and answered in the affirmative, by the court of common pleas in Keating v. Serrell, 5 Daly, 278. In that case Chief Justice Daly declared that the statutory provision requiring judgment to be rendered within a certain number of days after the trial was not intended to be essential to the jurisdiction of the court, but was designed to secure the dispatch of business in tribunals where the immediate recovery of small claims was a matter of considerable importance to many litigants. Hence he said it was competent for the parties to waive the requirement, "and to agree that the judgment, instead of being rendered within the statutory time, might be rendered within a fixed time beyond that." The views thus expressed command our concurrence, and both upon reason and the authority of this case we are of the opinion that, under the stipulation, the justice of the municipal court had authority to render the judgment from which the present appeal is taken.

That judgment must therefore be affirmed, with costs. All concur.

