As to the second ground of appeal, the recent decision of the Court of Appeals in Matter of Jones, 172 N. Y. 575, is controlling in favor of the State.

Order affirmed, except as above modified.

Order modified and affirmed.

---

JOHN WELKER, Appellant, *v.* GEORGE ALLEN, Respondent.

(County Court, Genesee County, December, 1902.)

Justice's court — New trial — Justice communicating with the jury after they had retired.

> A new trial should not be granted, in an action in justice's court in which the defendant succeeded, merely because the justice, while the jury were deliberating in his courtroom and after the counsel in the case and the defendant had gone home, returned to the courtroom at the request of the jury and there read them his minutes of the testimony of two witnesses, and the further fact that he by an oversight did not, as he might have done, request the plaintiff to accompany him to the courtroom is not material under the circumstances.

APPEAL from a judgment entered by E. H. Moissinac, Esq., a justice of the peace of the town of Darien, on the 29th day of January, 1902, upon the verdict of a jury, in favor of the defendant against the plaintiff, for the return of the chattel replevied, with costs amounting to $7.10.

Charles F. Wilkie, for appellant.

William H. Coon, for respondent.

WASHBURN, J. The appellant urges that this judgment should be reversed on account of alleged error on the part of the justice in communicating with the jury after they had retired to deliberate upon their verdict. In the consideration of this question it is important that the amended return of the justice, the sole evidence relied upon to furnish the proof of the acts of the justice which are now complained of, be carefully examined. Its full text, omitting the formal parts, is as follows: " That about 9 o'clock P. M. after the jury dispatched the officer, A. E. Amlinger, who was in charge, to the hotel across the road from courtroom, where I was in waiting, requesting my presence, all the attorneys for both parties having returned to their respective homes on the 7 o'clock P. M. train, the defendant also having retired to his home. The justice overlooked the facts that the plaintiff John Welker was at the hotel at the time, and in that oversight failed to seek him and ask his presence when the jury requested mine. On entering the courtroom and while I was present, there was only the officer there besides the jury. I asked the jury if they had agreed. They answered they had not, and asked me to read to them the evidence as given in the minutes of John Welker, the plaintiff, and Charles Hill, a witness, which I did, and immediately retired from their presence. There was no conversation held by or between the jury and the justice. No questions asked or answered while in their presence, and as above set forth I immediately retired from their presence."

After an examination of all of the cases cited by either of the parties upon this appeal, it seems to me that there is a material distinction between the facts shown in this return and those appearing in any case in which a judgment has been reversed for the cause now assigned. In Taylor v. Betsford, 13 Johns. 487 (1816), the justice went into the room with the jury " privately and apart from the parties" and the judgment was reversed. Bunn v. Croul, 10 Johns. 239 (1813), Moody v. Pomeroy, 4 Den. 115 (1847), Valentine v. Kelly, 26 N. Y. St. Repr. 481 (1889), Gibbons v. Van Aystyne, 29 id. 461 (1890), People v. Linzey, 79 Hun, 23 (1894), High v. Chick, 81 id. 100 (1894), and Abbott v. Hockenberger, 31 Misc. Rep. 587 (1900), were all similar in the facts appearing to Taylor v. Betsford, and were decided upon the same principle. All of these cases arose in justice's court. In Benson v. Clark, 1 Cow. 258 (1823), Neil v. Abel, 24 Wend.

185 (1849), Watertown Bank. & Loan Co. v. Mix, 51 N. Y. 558 (1873), Plunkett v. Appleton, 51 How. Pr. 469 (1876), and Kehrley v. Shafer, 92 Hun, 196 (1895), judgments were reversed because of written communications sent by the justice or judge to the jury after they had retired and without the assent of the parties, some of the cases originating in justice's court, and others in courts of record. The language adopted by the Court of Appeals in Watertown Bank. & Loan Co. v. Mix, that communications to the jury should "take place openly in court or with the express assent of the parties," should be noted. In Mitchell v. Carter, 14 Hun, 448 (1878), the judgment was reversed because the jury during the deliberations took occasion to read the minutes of the trial judge, found in the courtroom.

The keynote of all these cases is, it seems to me, the refusal of the courts to permit any private communication with the jury by the justice, after the case has been submitted, unless by express consent of the parties, and in their condemnation of such acts the courts have made no discrimination between those cases where it has not appeared what took place between the justice and the jury and those where it has been proven that nothing improper or injurious to either party transpired. See opinion in Abbott v. Hockenberger, *supra,* citing the language of the cases on this point.

The material difference between the cases cited and the one now under consideration is that in the present case the communication between the justice and the jury was not, as far as appears, private or had in any other than the proper manner. The attorneys in the case had returned to their homes by a train leaving two hours before the jury sent for the justice. One of the parties had gone home. The justice went, he says, to the *courtroom,* and at the request of the jury read the evidence of the appellant, and of one of the witnesses for the respondent, as contained in his minutes. The language of Justice Vann, at present one of the judges of the Court of Appeals in this State, in Wiggins v. Downer, 67 How. Pr. 65 (1884), seems peculiarly applicable: "The trial of a case does not end until a verdict is had, because if there is no verdict, in the eye of the law there is no trial. Therefore counsel who leave court before the verdict is announced, leave before the trial is finished. They do this at their peril, and take the risk of further instructions being given, openly from the

bench, so long as court is in session, and the jury still out. While, as a matter of courtesy, but not as a matter of right, it is customary to send for counsel upon the return of the jury for information of any kind; when, by the act of counsel, it is impracticable to do so, the omission cannot be urged as a ground for a new trial. To hold otherwise would enable counsel, either by negligence or design, to compel the court to discharge the jury before they had given the case enough consideration, or to confine them in the jury-room until it suited the convenience or inclination of counsel to come into court when further instructions might be given, and the jury could intelligently resume their deliberations. No evil can result from this rule, except that the court would not have the aid of suggestions from counsel, but this would cause less inconvenience than to suspend business."

The facts in the Wiggins case were very similar to those existing here. There the trial was had at circuit. The jury came in at nine o'clock in the evening and received certain instructions in open court. Neither party was present in person or by counsel, and one of the counsel had left the city where the court was in session. The court refused to set the verdict aside. In this case it was suggested by counsel upon the argument that the courtroom and the jury-room were identical, there being no separate room available for the deliberations of the jury. This we know to be frequently the case in justices' courts, and it may then be said that the room remains the courtroom so long as it is open to the public generally, becoming the jury-room when the public retire and the jury are left to commence their deliberations. In like manner, it again becomes the courtroom when the doors are thrown open to the public and the justice enters, to receive the verdict or to communicate with the jury, accompanied by such others, if any, as may desire to be present, the room being regarded as open for that purpose. If what is then said and done between justice and jury is in itself proper, no irregularity exists; if it is erroneous and prejudicial to the appellant, the judgment entered on the verdict will be reversed. Wheeler v. Sweet, 137 N. Y. 438.

If, on the other hand, the room is closed to the public it makes no difference how innocent in its nature the communication may have been, and a verdict afterward rendered will not be allowed to stand.

I am satisfied that upon the record before me in this case the

communication between the justice and jury must be regarded as having been had in open court, and not having been of a nature prejudicial to the appellant, the judgment entered on the verdict must stand.    That the justice failed to request the presence of the appellant, who alone of all the parties and attorneys interested in the case was near at hand at the time, is not opposed to this view of the case.    The justice says in his return that this was due solely to an oversight on his part, showing that he recognized the right of the parties to be present and that the courtroom was open for that purpose if they wished to avail themselves of the opportunity to enter.    It was not incumbent on the justice to seek out the public and invite their attendance in the courtroom, so long as the latter was open for that purpose to any who desired to enter.

I have examined the points raised by appellant's counsel as to evidence offered by plaintiff and excluded upon defendant's objection, and find no error requiring a reversal.    The judgment must be affirmed, with costs.

Judgment affirmed, with costs.