### BASTABLE v. CUBA SUPPLY CO.

(Supreme Court, Appellate Term.  February 23, 1904.)

1. JUSTICE COURTS—TRIAL—DECISION WITHIN 14 DAYS—WAIVER.

Where the record on appeal from a judgment of a justice contained a statement that the case was deemed submitted as of a date later than that of trial, and it did not appear that any objection was made, the parties waived the right to have the case decided within 14 days after trial, as required by Municipal Court Act, § 230 (Laws 1902, p. 1557, c. 580).

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by William M. Bastable against the Cuba Supply Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before FREEDMAN, P. J., and GIEGERICH and McCALL, JJ.

Patton, Stillman & Patton, for appellant.

Paul L. Kiernan, for respondent.

FREEDMAN, P. J. The only ground for a reversal of the judgment herein asked for by the appellant is that the justice failed to render his decision within the 14 days provided by section 230 of the Municipal Court act (Laws 1902, p. 1557, c. 580). That section provides that "upon the issue of fact joined  *  *  *  the court must hear the evidence and decide all questions of fact and law, and render judgment accordingly within 14 days from the time the same is submitted to him for that purpose." In the case at bar the action was tried upon the 19th day of November, 1903. The record upon appeal contains the statement, "Case deemed submitted as of November 27, 1903." This statement appears in the stenographer's minutes taken upon the trial, after the words "case closed." This disposition of the case was presumably made in open court, in the presence of the parties and their

counsel, and the record does not show that either side made any objection thereto. The appellant claims that a justice of the Municipal Court has no right to extend his statutory time within which to render a decision "by an arbitrary announcement at the close of the trial that the case is deemed to be submitted as of some date later than that on which it was actually tried." The foregoing statement does not present the situation in this case. It has frequently been held that the limitations of time in the statute in which decisions of justices shall render their judgments was intended for the convenience of the parties and the protection of their rights, and a compliance with the statute may be waived by them. Barnes v. Badger, 41 Barb. 98. In the absence of any objection, either at the close of the trial, when the time for final submission was fixed, or when the case on appeal was settled, the parties must be deemed to have waived their right to have the case decided within 14 days from the day of trial, and to have consented to the extension of the time for final submission to November 27, 1903; and as the judgment was rendered within the 14 days dating from November 27, 1903, the judgment is valid, and must be affirmed.

Judgment affirmed, with costs. All concur.