## McAULEY v. LYTTLE et al.

### (Supreme Court, Appellate Term. January 5, 1911.)

1. COURTS (§ 189*)—MUNICIPAL COURT—TIME FOR DECISION—STATUTES.

Under Municipal Court Act (Laws 1902, c. 580) § 230, requiring the justice to render judgment within 14 days after the submission of the evidence, except where further time is given by consent of the parties, a party to an action in Municipal Court, who after the expiration of the time fixed by the stipulation for the justice to decide the case extends the time, thereby waives the failure of the justice to decide the case within the time as originally fixed.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 189.*]

2. COURTS (§ 189*)—MUNICIPAL COURT—TIME FOR DECISION.

A party to an action in Municipal Court, who after the expiration of the time fixed by a stipulation for the justice to decide the case extends the time, is thereby estopped from assailing the validity of the judgment rendered within the time as extended.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 189.*]

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by Michael J. McAuley against Samuel Lyttle and others. From an order denying a motion to vacate the judgment for plaintiff, defendant Lyttle appeals, and brings up for review the judgment. Affirmed.

Argued before GIEGERICH, BRADY, and GAVEGAN, JJ.

John L. Lyttle, for appellant.
Breen Bros., for respondent.

BRADY, J. This action was tried in the Municipal Court, Borough of the Bronx, Second District before the presiding justice without a jury on the 17th day of February, 1910. By successive written stipulations signed by counsel the time of the justice to render his decision was extended to April 9, 1910. No decision was filed on or before April 9, 1910, and on April 18, 1910, a stipulation in writing was made by the attorneys and filed as follows:

"It is hereby stipulated and agreed by and between the attorneys for the respective parties hereto that the time for the justice to make a decision in the above-entitled action be and the same is hereby extended 10 days from date.

"Dated, N. Y., April 18, 1910."

Further written stipulations were made and signed by the attorneys extending the time of the justice to June 27, 1910. On June 24, 1910, the justice made and filed his decision, awarding judgment to plaintiff. The period between April 9 and April 18, 1910, was not covered by written stipulation. The defendant moved before the justice to vacate and set aside the judgment as void, on the ground that no written stipulation had been made or filed covering the period between the 9th and 18th of April. The motion was denied, and from the order denying the motion defendant appeals.

Section 230 of the Municipal Court act (Laws 1902, c. 580) pro-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

vides that the justice, after a trial of the issues, must render judgment within 14 days after the evidence is submitted to him, *"except where further time is given by consent of the parties or their attorneys."* In this case further time *was* given by consent of the attorneys, and the justice rendered judgment before the limit fixed by the last consent in writing. The court had jurisdiction of the parties to the action and of the subject-matter thereof, and therefore full power to determine the issues at the time of trial and to render judgment thereon. This power to render judgment was limited by the section aforesaid to 14 days, unless further time was given by consent. The limitation was created for the benefit of the parties. I do not see how the lapse between April 9th and April 18th affects the case. Either of the parties had the right to object to the rendering of judgment after April 9th; but they had an equal right to waive objection, and they did so by signing the consent of April 18th and the subsequent consents giving further time. At all events the defendant is estopped. Peck v. McAlpin, 3 Caines, 166b. See Barnes v. Badger, 41 Barb. 98; Keating v. Serrell, 5 Daly, 278; Matter of N. Y., Lackawanna & W. R. Co., 98 N. Y. 453; Dubuc v. Lazell, Dalley & Co., 182 N. Y. 485, 75 N. E. 401.

The justice decided the issues of fact according to the evidence, and was justified in his finding.

The order should be affirmed, with costs. All concur.