GEORGE E. BEARDSLEY, Appellant, *v.* WILLIS G. POPE, Respondent.

*Justice's Court — authority of attorneys therein — waiver by the attorneys of statutory provisions.*

Under the provisions of section 2886 of the Code of Civil Procedure a party may prosecute or defend an action in a Justice's Court by an attorney, and under the provisions of section 2890 thereof the authority of the attorney may be shown by his oral testimony on the trial.

Where the authority of an attorney is properly proved by his own oath in an action in a Justice's Court, such attorney must be deemed to have power to manage and control the conduct of the suit. He may consent to an adjournment for the purpose of summing up the case, and he may also stipulate to give the justice additional time in which to render his decision, provided the stipulation is executed on the final submission of the case to the justice.

The authority of the attorney to appear for his client and to act for him continues until the final submission of the case, and his client is bound by his acts, admissions and stipulations made in the conduct of the case prior thereto.

Although it is provided by section 3015 of the Code of Civil Procedure that a justice of the peace must render judgment and enter it in his docket book within four days after the submission of the cause to him, such provision of the statute may be waived.

APPEAL by the plaintiff, George E. Beardsley, from an order of the county judge of Essex county, entered in the office of the clerk of the county of Essex on the 30th day of January, 1895, vacating and setting aside the docket of the judgment entered in the above-entitled action and the execution issued thereon.

*H. E. Barnard,* for the appellant.

*A. W. Boynton,* for the respondent.

PUTNAM, J.:

There is no substantial conflict, as to the facts. The action was commenced before a justice of the peace of Clinton county by the issuance of a summons returnable May 26, 1894. At that time Mr. Boynton appeared for the defendant as his attorney, and made the usual oath as to his authority. Issue was joined by a written complaint and answer, and the cause adjourned to June second, at which time the trial was had, the defendant being sworn as a witness in his own behalf. An adjournment was then taken to July 2, 1894, when the parties appeared by their attorneys and summed up and submitted the case. At this time the attorneys of the respective parties, on the minutes of the justice, entered into the following written stipulation:

" Thirty days additional time is hereby given the justice to decide this case in, and to render judgment herein.

" PLATTSBURGH, N. Y., *July 2nd,* 1894.

" H. E. BARNARD, *Atty. for Plff.*
" A. W. BOYNTON, *Atty. for Deft.*"

The justice, on the 4th day of August, 1894, rendered judgment in favor of the plaintiff for twenty-five dollars and twelve cents, damages and costs. This judgment was afterwards docketed in the Clinton county clerk's office, and a transcript thereof filed and the judgment docketed in Essex county, and an execution issued thereon in the latter county. The county judge of Essex county, on motion of defendant, afterwards set aside the docket of the judgment and the execution issued thereon, upon the ground that the attorney for the defendant had no authority to enter into the stipulation granting the justice additional time in which to render his judgment, and hence that the judgment in fact entered thirty days after the submission of the cause was absolutely void. On the motion before the county judge both the defendant and his attorney, Mr. Boynton, in their affidavits, state that the latter entered into the stipulation without the knowledge of or authority from the defendant.

Under the provisions of the Code of Civil Procedure a party may prosecute or defend an action in a Justice's Court by attorney. (§ 2886.) The authority of the attorney may be shown by his oral testimony on the trial. (§ 2890; *The Syracuse Moulding Co.* v. *Squires*, 61 Hun, 48; S. C., 39 N. Y. St. Repr. 824.)

Hence, in the case under consideration, Mr. Boynton's authority to appear as attorney for the defendant, was properly proven by his own oath. He was, therefore, the attorney of the defendant in the action, with the usual powers of an attorney, and must be deemed to have had power to manage and control the conduct of the suit. (See *Village of Suspension Bridge* v. *Bedford*, 10 N. Y. St. Repr. 850.) As such attorney he could answer for the defendant, as he did. He could consent to the adjournment to July second for the purpose of summing up the case, and, in our opinion, he could also stipulate to give the justice additional time in which to render his decision. The stipulation in question was executed on the final submission of the case to the justice. Until after such submission the authority of Mr. Boynton to appear for the defendant and to act for him in the action continued. He was, it is true, the agent of the defendant, but as attorney he was an agent with full power to control the conduct of the suit, and as such had power to enter into the stipulation in question on the final submission of the cause. This case is not like that of *Flynn* v. *Hancock* (46 Hun, 368) where an oral stipulation was entered into by the attorneys of the parties out of the office of the justice — not in the presence of each other — — and after the final submission of the cause. The stipulation in this case was made by the attorneys on the trial — on the final submission of the cause — on the minutes of the justice and' when Mr. Boynton was acting as attorney for the defendant, and had a right to so act under his employment as attorney.

The affidavits made by Mr. Boynton and the defendant, that the stipulation in question was made by the former without the knowledge of or authority from the latter, cannot be deemed as intended to contradict the oral testimony of Mr. Boynton, made at the time of the joinder of issue, as to his authority to appear for the defendant as attorney in the action, and must be understood to mean that Mr. Boynton had no special authority from the defendant to give the justice additional time in which to render his decision, and as

expressing the opinion of Mr. Boynton and his client that the general power of the former as attorney did not confer on him authority to enter into the stipulation.

We think, however, that as attorney in the action before the justice until after the final submission of the case, Mr. Boynton had ample power to act for his client. He could do whatever his client could have done, if present, in the conduct of the case. He could answer for him, adjourn the trial from time to time, enter into stipulations, and consent to extend or adjourn the time in which the justice should render his decision.

Section 2886 of the Civil Code, which provides that a party to an action before a justice of the peace may appear and prosecute or defend by attorney, we think, confers upon a duly authorized attorney in a Justice's Court full power and authority to represent his client during the trial, and until after the final submission of the cause. His authority undoubtedly terminates at that time, but until then we see no reason to doubt that his client is bound by his acts, admissions and stipulations made in the conduct of the cause.

Although the statute provides that a justice of the peace *must* render judgment and enter it in his docket book within four days after the submission of a cause to him (Code Civ. Proc. § 3015), it is held that this provision of the statute may be waived. (*Barnes* v. *Badger*, 41 Barb. 98; *Keating* v. *Serrell*, 5 Daly, 278; *In the Matter of the New York El. R. Co.*, 7 Hun, 239-241.)

A party may waive a constitutional provision made for his benefit. (*Embury* v. *Conner*, 3 N. Y. 511; *Fiero* v. *Reynolds*, 20 Barb. 275.)

We think the parties in this case, by their attorneys, duly extended the time in which the justice should render his decision, thus waiving the statutory requirement that the judgment should be entered within four days after the submission of the case, and hence that the judgment rendered is valid.

It follows that the order appealed from should be reversed, with ten dollars costs and disbursements, and the motion denied, with costs.

MAYHAM, P. J., and HERRICK, J., concurred.

Order reversed, with costs and disbursements, and motion denied, with ten dollars costs.