HANNAH E. McLEAR, as Executrix, etc., of GEORGE McLEAR, Deceased, Respondent, *v.* WILLIAM REYNOLDS, Appellant.

*An attorney in fact in a Justice's Court and an attorney at law in courts of record, distinguished — service of an offer of judgment after an appeal from a judgment of a justice of the peace — upon what attorney it may be made.*

An attorney at law, as such, cannot appear for a party in a Justice's Court. The "attorney" referred to in section 2886 of the Code of Civil Procedure, relating to the appearance of parties in Justice's Courts, is an attorney in fact, and the fact that in a particular case the attorney in fact is also an attorney at law, does not enlarge his authority.

The authority of an attorney in fact who appears for a party to an action in a Justice's Court terminates upon the final submission of the case to the justice, and any act thereafter done by him is not binding upon the party to the action, unless based upon special authority from the latter.

The attorney referred to in section 3070 of the Code of Civil Procedure, relative to the service of an offer of judgment after an appeal has been taken to the County Court from a judgment rendered in a Justice's Court, is an attorney at law, representing the party in the appellate court, and the service by the appellant of an offer of judgment upon an attorney in fact who appeared for the respondent in the Justice's Court and who had not, at the time of such service, been authorized to appear for her in the appellate court, is ineffective.

APPEAL by the defendant, William Reynolds, from an order of the County Court of St. Lawrence county, entered in the office of the clerk of the county of St. Lawrence on the 8th day of January, 1902, setting aside the taxation of the defendant's costs and directing that costs be taxed in favor of the plaintiff.

This action was brought in a Justice's Court in St. Lawrence county, and judgment was rendered therein in favor of the plaintiff against the defendant on the 14th day of May, 1901, for $188.05 damages, besides costs.

One O., an attorney and counselor at law, appeared in the Justice's Court as attorney for the plaintiff. On the 31st day of May, 1901, defendant served a notice of appeal demanding a new trial in the St. Lawrence County Court upon the justice by whom the judgment was rendered. On the same day said O. signed an admission of service of notice of appeal as follows: "Service of notice of appeal of which within is a copy is admitted this 31st day of May, 1901.

"HANNAH E. McLEAR, by

"A. W. ORVIS, *her Atty.*"

O. swears that he signed the admission at the request of defendant's attorney, but that he then told him that such "admission would be of no use as the plaintiff had not authorized him to act for her." Defendant's attorney denies that O. then disclaimed any authority to act for plaintiff. O. sent the notice of appeal to the plaintiff by mail, but until October fifth she never spoke to O. about the case, nor communicated with him in any manner. On the fourteenth of June a former stenographer in the office of the attorney for the defendant served upon O. an offer to allow judgment to be taken against him for $100, with costs, and asked for an admission of service of the same. O. swears in regard to the same that, "I then told him that I had no authority to act for Mrs. McLear, that she had not employed me since the trial in Justice's Court, and that I was not her attorney, and I refused to sign the admission and I told him that Mrs. McLear was in the village and that he had better serve the offer on her, and be sure of the right person." This statement is substantially admitted by the man who served the offer of judgment on O.

On the 5th day of October, 1901, the attorney for defendant served a notice of trial on O. and requested him to admit service thereof. O. swears in regard to the same, "I again told him that I was not employed by Mrs. McLear in the matter and that I was not her attorney; that she had never spoken to me about acting for her upon the appeal and that for all I knew she might have employed another attorney." This statement is admitted by plaintiff's attorney. Notice of trial was served on the plaintiff and subsequently she came to O. and employed him to try the case in the County Court, and O. then went to the defendant's attorney and told him that he was then authorized to attend the case and act for Mrs. McLear as her attorney. The case was again tried in the County Court and resulted in a verdict in favor of the plaintiff in the sum of sixty dollars. Costs were taxed in favor of the defendant and an application was then made to the County Court to have the taxation of costs in favor of the defendant vacated and set aside and to have costs taxed in favor of the plaintiff, which motion was granted, and from the order so granting such motion this appeal is taken.

*William Neary,* for the appellant.

*Arthur W. Orvis,* for the respondent.

CHASE, J.:

In Justice's Court an attorney at law, as such, cannot appear for a party. The "attorney" referred to in section 2886 of the Code of Civil Procedure is an attorney in fact. The appearance of an attorney at law in a court of record is evidence of his authority, but an attorney in fact appearing in Justice's Court is a mere agent, and the rules of law relating to principal and agent govern all matters relating to such appearance. The fact that the agent or attorney in fact employed in Justice's Court is an attorney at law does not, enlarge his authority.

In determining the authority of an attorney who appears in a Justice's Court it is necessary in each case to ascertain the contract made between the party and the attorney. A general authority to appear in an action in Justice's Court entitles the attorney, when present in court in the conduct of the case, to do whatever the party could have done if present, until after the final submission of the cause. When the case is finally submitted the authority of the attorney terminates. (*Beardsley* v. *Pope*, 88 Hun, 560.)

Any act of an attorney in fact or agent subsequent to the final submission of the cause must be based upon special authority from the party. The only authority of O. in this case was "to act as her attorney in the trial of the above entitled action in Justice's Court." The defendant did not claim to serve the notice of appeal on O. as the attorney who appeared for the plaintiff in Justice's Court, neither did O. admit service of the notice of appeal on himself. The admission purports to be that of Hannah McLear by her attorney in fact. O. clearly did not have authority to make such admission. O. sent the notice of appeal served on him to the plaintiff by mail, but there is no evidence showing that the plaintiff ever knew that O. had admitted service of the notice of appeal in her name. Assuming that she had knowledge of the same, her failure to repudiate such service would not be a ratification of other acts or authorize the service of other papers on O. There is no dispute but that at the time the offer of judgment was served upon O. he stated that he could not receive it as attorney for the plaintiff and that he was not her attorney and could not bind her by receipt of the paper.

O. was not authorized to receive the offer of judgment for plain-

tiff. He had, up to that time, not appeared as an attorney at law for the plaintiff in the County Court. The service upon him, therefore, is not binding upon the plaintiff, unless section 3070 of the Code of Civil Procedure expressly authorizes the service of an offer of judgment upon the attorney who appeared in the court below.

There does not seem to be any reason why the statute should authorize the service of an important paper, affecting the rights of the parties, on a person whose employment by the party to be served has terminated. The only instance where service of a paper on the person who appeared as attorney in a Justice Court is expressly authorized after the submission of the case in the lower court (Code Civ. Proc. § 3048) is one where there is a sufficient reason therefor. In that case it saves the right of appeal to a person aggrieved when a better notice to respondent is impossible or impracticable. Every reason requires that an offer of judgment should be served on the party or upon his attorney in the appellate court. An attorney at law who has appeared in the appellate court has authority to act for and is responsible to the party for whom he appears. A service upon a person between whom and the party the relation of attorney and client does not exist, and between whom and the party the relation of principal and agent has terminated, might result in a loss for which there would be no remedy. In section 3070 of the Code of Civil Procedure an "attorney" is twice mentioned. In the first instance the attorney referred to is the attorney of the party upon whom the notice is to be served, and in the second instance it is the attorney of the party who makes the offer of judgment. If the notice of appeal was signed by an attorney at law, or the appellant had otherwise appeared by an attorney at law in the County Court, or if the respondent had appeared in the County Court by an attorney at law, we think that it would not be urged that the attorney of such party so having appeared was, nevertheless, for the purposes of said section, the attorney in fact who tried the case in Justice's Court. Unless it is so contended, the word "attorney" in said section would mean the attorney in fact who tried the case in Justice's Court, or the attorney at law who had appeared in the appellate court according to the facts existing at the time of the service of notice in each case. After the notice of appeal is served and the case is actually in the

County Court, the only attorney recognized is an attorney at law. If the statute intended that an offer of judgment in the County Court should be served upon the attorney in fact who had appeared for the party in the Justice's Court, it would have been so expressly provided.

We conclude that the attorney referred to in section 3070 of the Code of Civil Procedure is an attorney at law representing the party in the appellate court.

Order affirmed, with ten dollars costs and disbursements.

All concurred.

Order affirmed, with ten dollars costs and disbursements.