(101 App. Div. 283)

### CUTTING v. JESSMER.

(Supreme Court, Appellate Division, Third Department. January 4, 1905.)

1. ATTORNEYS—ATTORNEY IN FACT.
    An attorney, while acting for defendant in a Justice's Court, acts as an attorney in fact, and not an attorney at law, and his authority ceases when the case is finally submitted.

2. SAME—ATTORNEYS—PRESUMPTION OF AUTHORITY.
    A general or special appearance in an action by an attorney is presumptive evidence of his authority.

3. JUSTICES—APPEAL—OFFER FOR JUDGMENT—TIME FOR MAKING OFFER—APPEARANCE.
    Code Civ. Proc. § 3071, relative to justices, provides that, after 10 days from the filing of the justice's return on an appeal, the action shall be deemed at issue in the appellate court. By section 3070, either party may, within 15 days after service of notice of appeal, serve on the other party or his attorney a written offer of judgment in the appellate court for a specified sum in favor of either party, and a party refusing the offer is liable for costs of appeal unless the recovery be more favorable to him than the offer. By section 3072, either party may, after the cause is at issue in the appellate court, and before trial, serve a written offer of judgment against him for a specified sum, etc.; and section 421 enacts that defendant's appearance in an action must be made by serving on the plaintiff's attorney a notice of appearance, or a copy of a demurrer or of an answer. Held that, after a notice of appeal had been served, an offer that judgment in a certain sum might be taken against defendant, signed by an attorney at law as attorney for defendant, was a good offer, though the cause was not at issue, under section 3071, and though defendant had not previously appeared in the appellate court, since a party may appear specially in a manner other than as specified in section 421.

4. SAME—OFFER OF JUDGMENT—AFFIDAVIT.
    Code Civ. Proc. § 740, relative to tender, and providing that, if an offer is not subscribed by the party making it, his attorney must subscribe it,

and annex thereto his affidavit showing authority, does not apply to an offer of judgment under section 3070, signed by an attorney, which need not be accompanied by an affidavit.

Appeal from St. Lawrence County Court.

Action by Frank A. Cutting against Joseph Jessmer. From an order of the County Court on appeal from a justice, vacating and setting aside a taxation of costs by the clerk in favor of plaintiff and against the defendant, and directing the taxation of defendant's costs and judgment accordingly, less six cents damages, to be offset as against defendant's costs, plaintiff appeals. Affirmed.

This action was commenced in Justice's Court to recover for an alleged trespass by the defendant on the plaintiff's real property. In the Justice's Court the defendant, before answering, offered to allow judgment to be taken against him for $2.68, but the offer of judgment was not accepted, and the action was tried in Justice's Court, and resulted in a verdict of no cause of action. From the judgment entered thereon an appeal was taken to the County Court of the county of St. Lawrence, and a new trial was demanded in the appellate court. The notice of appeal was subscribed by plaintiff's attorneys in the appellate court, and it was served upon the justice October 29, 1903, and upon the defendant November 7, 1903. On November 11, 1903, the attorneys for the plaintiff in the appellate court were served with an offer of judgment on behalf of the defendant, signed by W. O. Daniels, a responsible attorney at law, a copy of which is as follows:

"St. Lawrence County Court.

"Frank A. Cutting, Plaintiff and Appellant, v. Joseph Jessmer, Defendant and Respondent.

"The above-named respondent hereby offers to allow judgment to be rendered against him, and in the said appellant's favor, in this action, in the County Court of St. Lawrence county, for the sum of eighteen cents.

"Dated at Parishville, N. Y., November 11th, 1903.

"W. O. Daniels, Atty. for Respondent.

"Office and P. O. Address, Parishville, N. Y.

"To Badger & Cantwell, Attys. for Appellant."

At the time such offer of judgment was served, the defendant had not appeared by an attorney in the appellate court. On the 9th day of January, 1904, W. O. Daniels, who subscribed the offer of judgment as attorney for the respondent, served a general notice of appearance upon the attorneys for the plaintiff. The offer of judgment was not accepted, and a trial was had in the County Court, which resulted in a verdict in favor of the plaintiff against the defendant for six cents. The plaintiff then applied to the county clerk of the county of St. Lawrence to tax his costs against the defendant. The defendant objected to said clerk taxing him in favor of the plaintiff, and insisted that said clerk should tax his costs against the plaintiff. The clerk taxed the plaintiff's costs, and refused to tax the defendant's costs, and judgment was entered accordingly. The defendant then appealed to the County Court of said county for an order setting aside said taxation of costs, and the judgment entered thereupon, and for the taxation of his costs, and the order was made from which this appeal is taken.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

Badger & Cantwell (John M. Cantwell, of counsel), for appellant.
W. O. Daniels, for respondent.

CHASE, J. Daniels, while acting for the defendant in the Justice's Court, did so as an attorney in fact, and his authority as such ceased when the case was finally submitted. McLear v. Reynolds, 76 App.

Div. 267, 78 N. Y. Supp. 457; Beardsley v. Pope, 88 Hun, 560, 34 N. Y. Supp. 846. As soon as the case was pending in the County Court the respondent had a right to appear therein generally or specially by an attorney at law, and a general or special appearance in an action by an attorney at law is presumptive evidence of the authority of the attorney to so appear. Brown v. Nichols, 42 N. Y. 26; Wing v. De La Rionda, 125 N. Y. 678, 25 N. E. 1064.

It is not claimed by the respondent that Daniels served the offer of judgment in the County Court as his attorney in fact. He stands upon the offer of judgment made by Daniels as his attorney at law in the County Court, and insists that from the time the appeal was perfected the action was pending in the County Court, where anything that he could do in person he could lawfully do by an attorney at law. The appellant calls our attention to section 3071 of the Code of Civil Procedure, which provides, "Upon an appeal provided for by this article after the expiration of ten days from the time of filing the justice's return the action is deemed an action at issue in the appellate court," and insists that, as the action was not at issue in the County Court when the offer of judgment was made, the respondent could not appear in the action by an attorney at law, either generally or for a special purpose. We think the appellant is mistaken in his contention. When an appeal is perfected, even before a return is filed, the case is removed from the subordinate court. Adams v. Fox, 27 N. Y. 640. After an appeal is perfected and a new trial is demanded in the appellate court, there are several steps which must or may be taken before the expiration of 10 days after the return is filed by the justice. An offer to allow judgment to be rendered in the appellate court for a specified sum may be made before the return is filed, and, within 10 days after such offer of judgment is made, the party upon whom it is served may accept such offer of judgment. Section 3070, Code Civ. Proc. It may be necessary before the return is filed to apply to the appellate court to supply some omission or obtain some amendment relating to the appeal. Section 3049, Id. It may be necessary to obtain a special order in the appellate court in regard to the return. Section 3053, Id. It may be necessary to compel a return by attachment issued from the appellate court, or, if the return is defective, it may be necessary to apply to the appellate court to compel a further or amended return. Section 3055, Id. It may be necessary to require a justification of the sureties on the undertaking served with the notice of appeal. Sections 1335, 3050, Id. In case the justice dies, or for any other reason cannot make the return, a proceeding may be necessary in the appellate court as to the proceeding before the justice. Section 3056, Id. A further offer of judgment is allowed after the issue is joined in the appellate court. Section 3072, Id. The pleadings in the County Court are the same as in the Justice's Court; and the Legislature by said section 3071 has simply fixed a time when the action shall be deemed at issue in the appellate court for certainty in determining when the offer of judgment under said section 3072 can be made, and also when a notice of trial can be served in the appellate court. There is no apparent reason for the suggestion that the statute intends that, between the service of notice of appeal and a time 10 days after the return is filed by the justice, the action shall be

in the anomalous position of having been removed from the Justice's Court, and yet not sufficiently existing in the appellate court so that the respondent can be represented therein by an attorney at law. That an attorney at law can represent either party in the appellate court from the time the notice of appeal is served appears from the fact that all papers in the action thereafter are designated in the appellate court, and, in an appeal to the County Court from the Justice's Court, the notice of appeal can be subscribed by the appellant or by his attorney in the appellate court. Section 3046, Id. This section expressly recognizes that the appellant may have an attorney in the appellate court · from the signing of the notice of appeal. The section of the statute relating to an offer of judgment before the return is filed expressly provides that either party may "serve upon the adverse party or upon his attorney a written offer to allow judgment." The same section provides that, in accepting such an offer, the party accepting the same may serve his acceptance "upon the party making the same or upon his attorney."

We conclude, therefore, that section 3071 of the Code of Civil Procedure, prescribing the time when issue is deemed to be joined in the appellate court, should be construed to relate to the issue only, and in no way to affect the time when the action shall be deemed pending in the County Court. The action is no less in the County Court after the notice of appeal is served, and before the action is at issue in the County Court, than is an action in the Supreme Court after the summons is served, and before an issue is joined by the service of an answer or demurrer. A party may appear specially in an action in a manner other than as specified for a general appearance by a defendant in section 421 of the Code of Civil Procedure. Paine Lumber Co. v. Galbraith, 38 App. Div. 68, 55 N. Y. Supp. 971; Couch v. Mulhane, 63 How. Prac. 79; Wood v. Furtick, 17 Misc. Rep. 561, 40 N. Y. Supp. 687; Sherman v. Shisler, 6 Misc. Rep. 203, 27 N. Y. Supp. 215.

The provision of section 740 of the Code of Civil Procedure providing that an affidavit shall accompany an offer of judgment subscribed by an attorney only applies to an offer made as prescribed in the sections of the Code of Civil Procedure therein mentioned.

The order of the County Court should be affirmed, with $10 costs and disbursements. All concur.