### MILLER et al. v. ALLEN.

(Supreme Court, Appellate Division, Second Department. March 5, 1909.)

Courts (§ 189*)—Municipal Courts—Confession of Judgment—Proof of Attorney's Authority.

 Under Municipal Court Act (Laws 1902, p. 1496, c. 580) § 20, providing that the Code of Civil Procedure shall apply to proceedings in the Municipal Courts, "so far as the same can be made applicable and are not in conflict with the provisions of this act," Code Civ. Proc. § 740, providing that an offer of judgment made by an attorney must have annexed thereto an affidavit by the attorney that he "is duly authorized to make it in behalf of the parties," applies to causes in the Municipal Court.

 [Ed. Note.—For other cases, see Courts, Dec. Dig. § 189.*]

Appeal from Municipal Court, Borough of Queens, Third District.

Action by Benjamin Miller and another against Clara L. Allen. There was judgment for plaintiffs, and from so much of the judgment as awards costs to plaintiffs, and refuses to award costs to defendant, defendant appeals. Affirmed.

Argued before WOODWARD, JENKS, GAYNOR, RICH, and MILLER, JJ.

Edward W. Davidson, for appellant.

Jacob H. Denenholz, for respondents.

MILLER, J. On the return of the summons the defendant appeared by attorney, who filed a written offer of judgment, pursuant to section 148 of the Municipal Court act (Laws 1902, p. 1537, c. 580), subscribed by the said attorney. The recovery was less favorable to the plaintiffs than the offer. Wherefore the appellant claims that she should have been allowed costs.

The respondents contend that section 740 of the Code of Civil Procedure is made applicable to the Municipal Court by virtue of section 20 of the Municipal Court act (Laws 1902, p. 1496, c. 580). Said section 740 provides that an offer or an acceptance, subscribed by the attorney, must have annexed thereto his affidavit to the effect that "he is duly authorized to make it in behalf of the party." It is true that said section in terms applies to the cases specified in the four sections preceding it, and, of course, was not intended by its framers to apply to Municipal Courts. But that is no reason for denying force

---

and effect to said section 20 of the Municipal Court act, which provides that the provisions of the Code of Civil Procedure and the rules and regulations of the Supreme Court shall apply "so far as the same can be made applicable and are not in conflict with the provisions of this act." Certainly said section 740 "can be made applicable," and our attention is not called to any provision of the Municipal Court act with which it conflicts. There is as much reason for requiring proof of the authority of an attorney in the Municipal Courts as in courts of record. To be sure, the affidavit does not add anything to the authority, but it furnishes evidence of it.

The contention that the application of said section 740 is expressly limited by section 3347 of the Code of Civil Procedure to the Supreme Court, the City Court of the City of New York, and the County Court, can have no force, for the reason that the Code of Civil Procedure and the rules and regulations of the Supreme Court were not adopted with reference to the Municipal Courts, but apply to them, if at all, solely perforce of said section 20 of the Municipal Court act. The case of Cutting v. Jessmer, 101 App. Div. 283, 91 N. Y. Supp. 658, relied upon by the appellant, is not in point. That case dealt with an offer of judgment made in a County Court on an appeal from a judgment of the Justice's Court, and was controlled by express provisions of the Code of Civil Procedure other than said section 740. I think that the provisions of said section 740 "can be made applicable," and that they are not "in conflict with the provisions" of the Municipal Court act.

It follows that the question was rightly decided by the Municipal Court justice, and the judgment appealed from should be affirmed.

Judgment of the Municipal Court affirmed, with costs. All concur.